IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






No. PD-1172-06






MICHAEL EUGENE MCGEE, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FIRST COURT OF APPEALS


HARRIS COUNTY
 





Holcomb, J., delivered the opinion of the unanimous Court.
 



 During the punishment stage of appellant's trial, the trial court admitted evidence, over appellant's
objection, that was offered for the purpose of showing that he had lied on the witness stand during the guilt
stage of the trial. On direct appeal, the court of appeals upheld the trial court's action. We now affirm.

 On June 9, 2004, a Harris County grand jury returned an indictment charging appellant with
aggravated robbery under Texas Penal Code § 29.03(a)(2). The indictment alleged, for purposes of
punishment enhancement, two prior felony convictions. 

 On February 15, 2005, the State brought appellant to trial before a petit jury on his plea of not
guilty. At the guilt stage of the trial, the complainant, Dorothy O'Brien, testified that: (1) on the night of
April 16-17, 2004, she catered a bachelorette party in Houston; (2) sometime after 1:00 a.m. that night,
after she had completed her catering job, she drove her car to a service station to buy gasoline; (3) when
she exited her car, appellant, whom she did not know, grabbed her from behind, put a knife to her throat,
pushed her back into her car, and instructed her to drive away, with himself as a passenger; (4) shortly
thereafter, appellant took the steering wheel and drove the two of them to a vacant apartment, where he
held her prisoner for eight hours; and (6) after that time, appellant left the apartment and drove away in her
car.

 Appellant took the witness stand in his defense and denied any wrongdoing. According to
appellant: (1) at about 8:30 p.m. on the night in question, he met O'Brien at a friend's house in Houston;
(2) he and O'Brien drank alcoholic beverages and conversed there until about midnight, at which time she
offered to drive him home; (3) since O'Brien was too intoxicated to drive, he drove them both, in her car,
to another friend's vacant apartment, so that they could "sober up" before morning; (4) he and O'Brien
talked together in the vacant apartment for several hours; (5) at about 6:00 a.m., he borrowed O'Brien's
car, with her permission, and drove to his ex-girlfriend's house, in order to borrow some money; (6) upon
arrival at his ex-girlfriend's house, he left O'Brien's car keys in her car and then went inside the house; and
(7) later, when he went back outside, he found that O'Brien's car was gone.

 The jury subsequently found appellant not guilty of aggravated robbery but guilty of the lesser-included offense of unauthorized use of a motor vehicle. See Tex. Pen. Code § 31.07(a). At the
punishment stage of the trial, the State offered additional evidence - the testimony of William Hughes, Mary
Scott, and Ronald Angel - regarding O'Brien's activities and whereabouts on the night in question. The
record reflects that, before the three witnesses testified, the State offered their testimony for the purpose
of showing that appellant's guilt-stage testimony had been a lie and, therefore, an "extraneous crime or bad
act" within the meaning of Article 37.07, § 3(a), of the Texas Code of Criminal Procedure. (1) Appellant
objected to the State's proffer, arguing that the additional evidence was irrelevant to the issue of punishment
and was, therefore, inadmissible under Article 37.07, § 3(a). Appellant also argued that the State was
improperly "trying to . . . relitigate the issue of [his] guilt [of aggravated robbery]." The trial court agreed
with the State's legal theory, overruled appellant's objection, and allowed Hughes, Scott, and Angel to
testify.

 Hughes proceeded to testify that: (1) at about 9:00 p.m. on the night in question, he helped O'Brien
unload food and supplies from her car for a bachelorette party she was catering; (2) at about 10:00 p.m.
that night, he helped her re-load her car and then accompanied her to a nightclub; (3) at about 12:45 a.m.,
he saw O'Brien leave the nightclub with another woman; and (4) he never saw O'Brien with appellant that
night.

 Scott testified that: (1) at about 9:00 p.m. on the night in question, O'Brien picked her up at her
home and took her to a bachelorette party; and (2) at about 1:00 a.m., O'Brien took her back home.

 Finally, Angel testified that at about 8:45 p.m. on the night in question, he helped O'Brien load her
car with food for her catering business.

 During closing argument at the punishment stage, the State pointed out to the jury that appellant's
guilt-stage testimony was inconsistent with the punishment-stage testimony of Hughes, Scott, and Angel and
argued that appellant's guilt-stage testimony had been perjurious. The State argued further that appellant's
willingness to lie on the witness stand showed that he deserved the maximum allowable punishment.

 The jury subsequently assessed appellant's punishment, enhanced by two prior felony convictions, (2)
at imprisonment for twenty years and a fine of $5,000. See Tex. Pen. Code § 12.42(a)(3).

 On direct appeal, appellant brought a single point of error, arguing that the trial court erred in
allowing Hughes, Scott, and Angel to testify because their testimony "was not relevant to any punishment
issues and was inadmissible under Article 37.07 section 3(a)." Appellant's argument continued:

 "The trial court abused its discretion by permitting the State to attempt to resurrect the
aggravated robbery charge by rebutting appellant's guilt/innocence testimony at the
punishment hearing. The State used this inadmissible evidence as a basis for arguing to the
jury that appellant had committed perjury and that he really was guilty of aggravated
robbery despite the jury's acquittal."


 The First Court of Appeals overruled appellant's point of error and affirmed the trial court's
judgment of conviction. McGee v. State, 197 S.W.3d 802 (Tex.App.-Houston [1st Dist.] 2006). The
court of appeals explained its decision as follows:

 "Article 37.07 states that evidence of prior bad acts is admissible at the punishment phase
if they can be established beyond a reasonable doubt. The trial court admitted the
testimony of the three witnesses under the theory that the evidence was relevant to show
the prior bad act of perjury by appellant during the guilt/innocence phase of the trial. We
agree with the trial court. If the three witnesses' testimony was true, then appellant was
not telling the truth when he testified during the guilt stage. This constitutes the offense of
aggravated perjury. We hold that the trial court did not abuse its discretion in admitting the
evidence." Id. at 805 (citations omitted).


 Appellant later filed a petition for discretionary review, which we granted. See Tex. R. App. Proc.
66.3(b). In his petition and accompanying brief, appellant, citing our decision in Nixon v. State, 572
S.W.2d 699 (Tex.Crim.App. 1978), argues that "the court of appeals erred by holding that alleged perjury
by the defendant in the guilt phase was admissible as evidence of a prior bad act in the punishment phase." 
Appellant continues to insist that the testimony of Hughes, Scott, and Angel was irrelevant to the issue of
punishment and was, therefore, inadmissible under Article 37.07, § 3(a). (3)

 An appellate court may not disturb a trial court's evidentiary ruling absent an abuse of discretion. 
Rivera v. State, 808 S.W.2d 80, 96 (Tex.Crim.App. 1991). A trial court abuses its discretion when it
acts outside the zone of reasonable disagreement. Montgomery v. State, 810 S.W.2d 372, 391
(Tex.Crim.App. 1990) (op. on reh'g).

 Article 37.07, § 3(a), governs the admissibility of evidence during the punishment stage of a non-capital criminal trial. Erazo v. State, 144 S.W.3d 487, 491 (Tex.Crim.App. 2004). That statute provides
that "evidence may be offered by the state and the defendant as to any matter the court deems relevant to
sentencing, including . . . evidence of an extraneous crime or bad act." See footnote one, supra. Evidence
is "relevant to sentencing," within the meaning of the statute, if the evidence is "helpful to the jury in
determining the appropriate sentence for a particular defendant in a particular case." Rodriguez v. State,
203 S.W.3d 837, 842 (Tex.Crim.App. 2006). (4)

 In this case, the trial court, during the punishment stage, admitted evidence offered by the State for
the purpose of showing that appellant lied on the witness stand during the guilt stage. Clearly, the trial court
could have reasonably concluded that such evidence would be helpful to the jury in determining the
appropriate sentence for appellant in this case. As the United States Supreme Court has noted, "[a]
defendant's truthfulness or mendacity while testifying on his own behalf, almost without exception, has been
deemed probative of his attitudes toward society and prospects for rehabilitation and hence relevant to
sentencing." United States v. Grayson, 438 U.S. 41, 50 (1978).

 Appellant's reliance on our decision in Nixon v. State, 572 S.W.2d 699, is misplaced. In that
case, John Wayne Nixon was tried before a jury and found guilty of aggravated robbery. At the
punishment stage of his trial, Nixon offered evidence which, if believed, would have exonerated him of the
offense of which he had just been convicted. The trial court refused to admit such evidence, and we
affirmed, explaining that "[e]vidence of affirmative defenses which would exonerate the defendant is not
admissible at the punishment phase of the trial." Id. at 701. Nixon can be understood to mean that, at the
punishment stage of a criminal trial, evidence is not admissible for the purpose of relitigating the defendant's
guilt. However, in the instant case, the trial court could have reasonably concluded that the testimony of
Hughes, Scott, and Angel was not being offered for the purpose of relitigating appellant's guilt, but rather
was being offered for the purpose of proving his extraneous bad act of lying to the jury.

 We discern no abuse of discretion on the part of the trial court and no error on the part of the court
of appeals. Accordingly, we affirm the judgment of the court of appeals.


DELIVERED SEPTEMBER 12, 2007

PUBLISH
1. Article 37.07, § 3(a), provides, in relevant part, that, at the punishment stage of trial,


 "evidence may be offered by the state or the defendant as to any matter the court
deems relevant to sentencing, including . . . evidence of an extraneous crime or bad act
that is shown beyond a reasonable doubt by evidence to have been committed by the
defendant or for which he could be held criminally responsible, regardless of whether
he has previously been charged with or finally convicted of the crime or act."
2. Appellant pled "true" to the indictment's allegations of two prior felony convictions.
3. In his petition and accompanying brief, appellant also makes other arguments, but those other
arguments were neither presented to the trial court nor addressed by the court of appeals, and we did
not grant review to consider them. See Tex. R. App. Proc. 33.1(a).
4. "In a non-capital felony punishment hearing, the jury has discretion to assess whatever
punishment it sees fit, within the [statutorily] prescribed range." Rodriguez v. State, 203 S.W.3d 837,
842 (Tex.Crim.App. 2006).