In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00027-CR


______________________________




DICK WAYNE BLANCHARD, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 336th Judicial District Court


Fannin County, Texas


Trial Court No. 21907




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 Dick Wayne Blanchard was convicted by a jury of the sexual assault of his teenaged
daughter, E.G.B. (see Tex. Penal Code Ann. § 22.011(a)(2) (Vernon Supp. 2006)) and, due to
enhancements from a prior conviction, Blanchard was sentenced to life imprisonment by that same
jury.

 Blanchard raises two points of appeal, both dealing with alleged error regarding the
admissibility of testimony at trial. He first maintains that the trial court erred in refusing to allow
Blanchard to cross-examine the complainant regarding a prior incident of bad conduct, an incident
which he alleges would have shown a motive for the complainant to injure her father by fabricating
a story about sexual abuse. He then complains that the trial court erred in allowing the testimony
of an expert witness concerning the tendencies, characteristics, and conduct of sexual offenders,
maintaining that such evidence was not relevant.

 We affirm the judgment.

RESTRICTION OF SCOPE OF CROSS-EXAMINATION

 On cross-examination of E.G.B., Blanchard commenced an inquiry into an incident in which
E.G.B. had gone to a slumber party at the home of Crystal, a friend, had left the slumber party with
another friend and a "bunch of boys," and had stayed away from the party with the boys until the wee
hours of the morning. Upon learning of this conduct the following morning, Blanchard had become
upset with E.G.B. and compelled her to return to Crystal's house to apologize to Crystal and her
parents. The State objected to the line of questioning as irrelevant. The trial court removed the jury
and the trial court allowed argument regarding the admissibility of the entire line of questioning. At
this time, Blanchard announced that he had no intention of inquiring about the sexual conduct of
E.G.B. that night, but went on to maintain that E.G.B. had misbehaved, was corrected by her father,
and was angry at her father as a result. He further argued to the court that:

 All this goes to the issue of credibility of the witness, as well as possible
motive for her being angry with her father, and acting out in retribution against him. 
It is also consistent, Your Honor, with her father's conduct. If he were merely
seeking a sexual favor, I doubt that he would really care as to whether or not she ran
away or did anything else. 


 Upon inquiry of the trial court as to the proximity in time of this incident to the outcry made
by E.G.B., Blanchard replied that it had been within a twelve-month period prior to the outcry. The
trial court then announced that the incident was "too remote to have it overcome the restriction of
Rule 608" and that "the Court is not going to allow for you to go into any misconduct of this witness
that is not a conviction or anything that's allowed under Rule 608 unless you can show me a legal
reason for it." Blanchard responded, "The only legal reason, Your Honor, would be to demonstrate
on the part of the witness to make false allegations as well as to -- it would go to the issue of the
witness' credibility given the circumstances in this case."

 Rule 608(b) of the Texas Rules of Evidence states, "Specific instances of the conduct of a
witness, for the purpose of attacking or supporting the witness' credibility, other than conviction of
crime as provided in Rule 609, may not be inquired into on cross-examination of the witness nor
proved by extrinsic evidence." Tex. R. Evid. 608(b).

 In Blanchard's brief, he indicates that the reason for his attempt to introduce evidence of the
incident was not for the purpose of impugning the integrity of the witness but, rather, to show that
E.G.B., smarting from the disciplinary actions taken by her father after the incident, concocted a
fabricated claim of sexual abuse in retribution. 

 Looking at the pure wording of Rule 608(b) and the final "legal reason" given to the trial
court by Blanchard as the basis for introduction of evidence of the incident (i.e., that it goes to the
credibility of the witness), evidence of the incident for the purpose given would be subject to
exclusion. 

 Although remoteness in time is a concept more closely related to Rule 609 of the Texas Rules
of Evidence (which pertains to evidence of criminal convictions) than it is to Rule 608, there is also
some rationale for the trial court to have looked at the proximity in time between the incident which
Blanchard was attempting to illuminate and the later action of E.G.B. in making her outcry. 
Rule 403 of the Texas Rules of Evidence provides, "Although relevant, evidence may be excluded
if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the
issues, or misleading the jury, or by considerations of undue delay, or needless presentation of
cumulative evidence." Tex. R. Evid. 403. The trial court could weigh the probative value of the
evidence which was being proffered against the potential for prejudice and confusion which it might
present. 

 Whether evidence should be admitted is within the sound discretion of the trial court.
Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g). Therefore, the
standard of review for admission or exclusion of evidence is abuse of discretion. Erdman v. State,
861 S.W.2d 890, 893 (Tex. Crim. App. 1993); see also Winegarner v. State, No. PD-0807-06, 2007
Tex. Crim. App. LEXIS 1383 (Tex. Crim. App. Oct. 10, 2007). A trial court does not abuse its
discretion unless it has "acted arbitrarily and unreasonably, without reference to any guiding rules
and principles." Breeding v. State, 809 S.W.2d 661, 663 (Tex. App.--Amarillo 1991, pet. ref'd). 
As long as the trial court's ruling remains within the "zone of reasonable disagreement," there is no
abuse of discretion and the trial court's ruling will be upheld. See Rachal v. State, 917 S.W.2d 799,
807 (Tex. Crim. App. 1996).

 The decision of the trial court to exclude the evidence was within the zone of reasonable
disagreement and, thus, within the proper discretion of the trial court. Accordingly, we overrule this
point of error.

EXPERT TESTIMONY REGARDING GENERAL CHARACTERISTICS OF SEX
OFFENDERS


 Blanchard complains of the actions of the trial court in permitting the testimony of Ed
Waggoner, a psychologist, who is a licensed sex offender treatment provider. Although Waggoner
testified at both the guilt/innocence and the punishment phases, the objection to his testimony
appears to be limited to that at the guilt/innocence phase. 

 After Waggoner and his qualifications had been identified, Blanchard objected to the
relevance of Waggoner's testimony at the guilt/innocence phase of the trial, stating his belief that
Blanchard had not, at that phase, yet been determined to be a sex offender. The trial court placed
limitations on the extent of Waggoner's testimony and allowed him to testify otherwise. 

 Blanchard maintains that the testimony of Waggoner regarding "grooming" of a child sex
abuse victim is redundant of what is knowledge common to jurors in everyday life and, therefore,
not relevant to the trial. However, Waggoner does testify that many activities which are common
between parent and child can be contorted and controlled by a sex offender to achieve the offender's
aims. Blanchard further asserts that because E.G.B. had already testified that Blanchard had offered
her gifts and privileges in exchange for sexual favors, Waggoner's testimony that the granting of gifts
and privileges was redundant and irrelevant. Blanchard posits that Waggoner's testimony that
Blanchard's gifts "could be" or "might be" inducements to the child for sexual favors could just as
likely not be such inducements but, rather, the actions of a loving parent toward a child. Blanchard
then postulates that the act of a parent in putting money under a child's pillow while assuming the
role of a tooth fairy could later be construed as the act of a sexual predator. 

 Recently, the Texas Court of Criminal Appeals in a yet-to-be-published case, (1) has reiterated
that:

 An appellate court may not disturb a trial court's evidentiary ruling absent an abuse
of discretion. Rivera v. State, 808 S.W.2d 80, 96 (Tex. Crim. App. 1991). A trial
court abuses its discretion when it acts outside the zone of reasonable disagreement.
Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g).


McGee, 2007 Tex. Crim. App. LEXIS 1122, at *7-8.

 Waggoner's testimony, while not weighty, provided some basis to show that sometimes sex
offenders work in some ways which Blanchard was alleged to have acted. Even though the
testimony of Waggoner did not provide totally novel perspectives and provided no pivotal
revelations for the jury to consider, they nevertheless are the perspectives of an expert. The trial
court did not abuse its discretion in allowing the admission of this testimony and in allowing the jury
to put the appropriate weight on the conclusions of the expert. We overrule this point of error.

 We affirm the judgment.



 Bailey C. Moseley

 Justice


Date Submitted: September 27, 2007

Date Decided: October 25, 2007


Do Not Publish
1. McGee v. State, No. PD-1172-06, 2007 Tex. Crim. App. LEXIS 1122 (Tex. Crim. App.
Sept. 12, 2007).



enUsed="false" Name="Medium Grid 3 Accent 4"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00040-CR

                                                ______________________________

 

 

                              CALVIN WAYNE BURNHAM,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 123rd
Judicial District Court

                                                             Panola County, Texas

                                                       Trial Court
No. 2005-C-0003

 

                                                   
                                               

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                     MEMORANDUM OPINIO N

 

            Calvin Wayne
Burnham appeals from his convictions by the trial court on four charges of
aggravated sexual assault of a child and four charges of indecency with a
child.  Burnham has filed a single brief,
in which he raises issues common to all of his appeals.[1]  He argues that the trial court committed
reversible error in considering evidence from a previous revocation hearing
when granting the States second amended motion to adjudicate guilt and in
admitting the results of a polygraph examination.  Burnham also complains that the evidence was
insufficient to establish that he violated any conditions of his community
supervision. 

            We addressed
these issues in detail in our opinion of this date on Burnhams appeal in cause
number 06-10-00038-CR.  For the reasons
stated therein, we likewise conclude that reversible error has not been shown
in this case.

            We affirm
the trial courts judgment.

 

                                                                        Josh
R. Morriss, III

                                                                        Chief
Justice

 

Date Submitted:          December
14, 2010     

Date Decided:             December
15, 2010

 

Do Not Publish

 

 











[1]Burnham
appeals from four convictions for aggravated sexual assault of a child and four
convictions for indecency with a child, cause numbers 06-10-00038-CR through 06-10-00045-CR.