Opinion issued June 19, 2008

 













In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00154-CR






ERNEST L. NAQUIN, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 185th District Court

Harris County, Texas

Trial Court Cause No. 1082375






MEMORANDUM OPINION

 A jury found appellant, Ernest L. Naquin, guilty of delivery of a controlled
substance weighing at least 400 grams. Appellant pleaded true to an enhancement
alleging a prior conviction for burglary of a habitation, and the jury assessed
punishment at 70 years' confinement and a $20,000 fine. In his sole issue on appeal,
appellant contends the trial court erred by allowing irrelevant evidence regarding his
son's death during the punishment phase of the trial. We affirm.

RELEVANCY OF EVIDENCE ADMITTED AT PUNISHMENT

 In his sole point of error, appellant argues that the trial court erred in allowing
evidence of his son's death during the punishment phase of the trial. Specifically,
appellant contends that his son's murder was not relevant because appellant was not
criminally responsible for his son's death.

Standard of Review and Applicable Law on Relevancy

 An appellate court may not disturb a trial court's evidentiary ruling absent an
abuse of discretion. Rivera v. State, 808 S.W.2d 80, 96 (Tex. Crim. App. 1991). A
trial court abuses its discretion when it acts outside the zone of reasonable
disagreement. Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 990) (op.
on reh'g).

 Article 37.07, § 3(a), governs the admissibility of evidence during the
punishment stage of a non-capital criminal trial. Tex. Code Crim. Proc. Ann. art.
37.07, § 3(a) (Vernon Supp. 2007); McGee v. State, 233 S.W.3d 315, 318 (Tex. Crim.
App. 2007); Erazo v. State, 144 S.W.3d 487, 491 (Tex. Crim. App. 2004). That
statute provides that "evidence may be offered by the state and the defendant as to
any matter the court deems relevant to sentencing, including . . . evidence of an
extraneous crime or bad act." McGee, 233 S.W.3d at 318. Evidence is "relevant to
sentencing," within the meaning of the statute, if the evidence is "helpful to the jury
in determining the appropriate sentence for a particular defendant in a particular
case." Id.; Rodriguez v. State, 203 S.W.3d 837, 842 (Tex. Crim. App. 2006).

Waiver

 The State argues that appellant's point of error is not preserved. To determine
this issue, we consider the relevant evidence from the punishment hearing, in the
order it was presented.

 Testimony at the Punishment Hearing

 The State's first witness was Amanda Gonzalez, who testified about a drug deal
she had conducted with appellant in January 2005, before the charged offense. 
Gonzalez testified that she had helped a friend, Adela, purchase a large quantity of
pills from appellant. Appellant brought his three children, including a baby named
Aiden, to the drug deal. Gonzalez later heard that Adela's husband, Victor Cruz, had
attempted to rob appellant of his drugs and money, and, during the course of the
robbery, Aiden was shot and killed. Gonzalez's testimony was admitted without
objection.

 Deputy Faulkner, of the Harris County Sheriff's Department, testified that he
responded to the January 2005 shooting at the trailer park where appellant lived. 
Faulkner testified that appellant was standing away from the child when Faulkner
arrived at the scene. Appellant told Faulkner that he, his wife, and his children had
gone to get snow cones when a car passed them, and someone got out and fired shots
at his car. Appellant put the car in reverse and hit a trailer before noticing that Aiden
had been shot. Faulkner testified that appellant was very calm at the time and lacked
remorse. Faulkner's testimony was admitted without objection.

 Glenda Potter, a resident of the trailer park in which appellant lived, testified
about the day Aiden was shot. Potter was in her trailer when she heard several
gunshots. Her son called 9-1-1 while Potter went outside to see what had happened. 
The trailer-park manager handed her an injured baby and told her that the baby was
appellant's. Potter testified that appellant never attempted to hold his child or to give
the child any aid. Potter's testimony was admitted without objection.

 T. Peterson, an investigator for the Harris County District Attorney's office,
testified that Victor Cruz was charged with capital murder because of Aiden's death. 
Peterson testified about her unsuccessful attempts to serve a subpoena on appellant
to testify against Cruz and others arrested in connection with Aiden's death. Peterson
testified that she was a "little disgusted" that "the only eyewitness in the capital
murder of a two-year-old child was being uncooperative." Peterson's testimony was
admitted without objection.

 Y. Cooper, a detective with the Harris County Sheriff's Department, testified
that she questioned appellant in connection with his son's death. At first, appellant
denied conducting a drug deal before Aiden was shot. However, he later admitted
selling pills to Adela. He also identified Adela, Cruz, and the man who shot Aiden,
from a photographic line-up. Cooper testified that the shot that killed Aiden was
aimed at the driver, but traveled to the back seat and struck the child when the driver
ducked. Cooper testified that appellant was not willing give a written statement about
his involvement with the drug deal that led to Aiden's death. Cooper's testimony was
admitted without objection.

 J. Yencha, a sergeant with the Houston Police Department, testified that he was
present when his team executed a search warrant on appellant's apartment in
connection with the charged offense in this case. Yencha and Officer Baccus found
appellant hiding in a closet and arrested him. Yencha then told Bacchus, "So this is
the guy who wouldn't testify in his--for his son's death case, in his murder case." 
The following exchange then took place:

 [Defense Counsel]: Your Honor, I'm going to object and ask that the
jury be instructed to disregard that. It's not relevant.


 [Trial Court]: The witness' statement as to what he said?


 [Defense Counsel]: Right.


 [Trial Court]: Overruled.


 [Prosecutor]: Can you tell me, when you made that statement, what Mr.
Naquin's response was, if any?


 [Yencha]: I made the statement to Officer Baccus and Mr. Naquin
looked up and said, You could always have another son; you can't
have another life.


 [Defense Counsel]: Did you say that?


 [Appellant]: No.


 [Prosecutor]: I'll pass the witness.


 [Trial Court]: [Co-counsel], any questions?


 [Co-Counsel]: No questions, Your Honor.


(Emphasis added.)


 Appellant's counsel then proceeded to question Yencha about why he had not
put appellant's statement in his report.

 Finally, Officer Baccus, who was present with Sergeant Yencha when appellant
was arrested for the charged offense, also testified about the statement made by
appellant at the time he was arrested.

 [Prosecutor]: Once you found [appellant] in the closet, what did y'all
do?


 [Baccus]: At that time we took him out of the closet and placed him in
custody.


 [Prosecutor]: Okay. And while you were present, did Sergeant Yencha
make any comments or make any statements in the presence of Ernest
Naquin?


 [Defense Counsel]: I object to hearsay.


 [Trial Court]: Sustained.


 [Prosecutor]: Did you hear the defendant make any statements upon y'all
placing him on the ground in reference or in response to anything that
Officer - or Sergeant Yencha said?


 [Defense Counsel]: Your Honor, I'm going to object to this as a
violation of the discovery order. We received no notice of any type of
statements like this or any extraneouses [sic] regarding this. So, I'm
going to object.


 [Trial Court]: At this point your objection's overruled.


 [Prosecutor]: Did he make any statements?


 [Baccus]: The defendant?


 [Prosecutor]: Yes.


 [Baccus]: Yes, ma'am.


 [Prosecutor]: Can you tell us what that statement was?


 [Baccus]: Yes, ma'am, it was in regards to a - something I wasn't aware
of at the time. Evidently he was involved in a -


 [Defense Counsel]: Your Honor, I'm going to object to the rambling
form of the answer.


 [Trial Court]: Just answer the question, please.


 [Baccus]: Yes, ma'am.


 [Prosecutor]: Tell me what the statement was that he made.


 [Baccus]: He made a statement in regards to: You can have another
child, but you can't gain another life.


 Law on Waiver

 To preserve an error in the admission of evidence, the defendant must make a
timely and specific objection. Tex. R. App. P. 33.1(a)(1); Martinez v. State, 22
S.W.3d 504, 507 (Tex. Crim. App. 2000). A motion to strike must also be made in
a timely fashion. Rhoades v. State, 934 S.W.2d 113, 127 (Tex. Crim. App. 1996). 
An objection is timely if it is made as soon as the ground for the objection becomes
apparent, i.e., "as soon as the defense knows or should know that an error has
occurred." Hollins v. State, 805 S.W.2d 475, 476 (Tex. Crim. App. 1991).
Additionally, an appellant's trial objection must comport with his objection on
appeal, or error is waived. Penry v. State, 903 S.W.2d 715, 753 (Tex. Crim. App.
1995).

 Application of Law on Waiver to Testimony at Punishment Hearing

 On appeal, appellant argues generally that the evidence regarding his son's
death was irrelevant because appellant was not criminally responsible for it. 
However, as detailed above, five witnesses testified at length about Aiden's death
before appellant ever raised an objection. Therefore, appellant's contention that no
evidence should have been admitted regarding Aiden's death is waived.

 The record shows that appellant objected to the relevancy of Sergeant Yencha's
statement, "So this is the guy who wouldn't testify in his -- for his son's death case,
in his murder case." However, the fact that appellant would not testify against his
son's killers had already been admitted into evidence through the testimony of T.
Peterson and Y. Cooper of the Harris County Sheriff's Department. As such,
appellant's objection to the relevancy of Yencha's statement came too late and
preserves no error on appeal.

 Appellant also objected to the admission of his statement that he could always
have another child, but could not have another life. However, error regarding the
admission of this statement is also waived. When Sergeant Yencha testified about
appellant's statement, appellant made no objection. Appellant did not object to the
admission of his statement until Officer Baccus testified. Because appellant did not
object to the admission of his statement at the earliest possible time, his objection
comes too late. Hollins, 805 S.W.2d at 476. Additionally, appellant objected to
Baccus's testimony on the basis of hearsay, lack of notice of an extraneous offense,
and its "rambling form." Appellant did not object to Baccus's testimony on relevancy
grounds. As such, his point of error on appeal does not comport with his objection
at trial. Penry, 903 S.W.2d at 753.

 Because appellant's objections at trial were untimely and do not comport with
his point of error on appeal, appellant has failed to preserve his sole point of error. 
Accordingly, we overrule point of error one.






CONCLUSION

 We affirm the judgment of the trial court.



 Sherry Radack

 Chief Justice


Panel consists of Chief Justice Radack and Justices Jennings and Bland.


Do not publish. Tex. R. App. P. 47.2(b).