

# NUMBER 13-12-00623-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JASON RAY CORDOVA,                                          Appellant,

**v.**

THE STATE OF TEXAS,                                          Appellee.

On appeal from the 24th District Court
of Victoria County, Texas.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Perkes**
**Memorandum Opinion by Justice Perkes**

A jury found appellant Jason Ray Cordova guilty of robbery, a second-degree felony, and assessed punishment at twenty years' confinement in the Texas Department of Criminal Justice, Institutional Division.   *See* TEX. PENAL CODE ANN. § 29.02(a)(2) (West 2011).   By a single issue, appellant complains about photographs admitted into evidence during the punishment phase of the trial.   We affirm.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Appellant was indicted on one count of aggravated robbery with a deadly weapon, namely, a firearm.   During the trial, appellant admitted he committed the robbery, but contended that he used a BB gun and not an actual firearm.   Appellant was found guilty of the lesser-included offense of robbery.

During the punishment phase, Officer Ryan Hale of the Victoria Police Department testified, without objection, that about a year prior to the robbery, he responded to a domestic disturbance at appellant's home.   Appellant's wife told him that appellant came home intoxicated and, at some point, grabbed her arm and caused her to fall.   She also told Officer Hale that appellant slapped her face and broke her cell phone.   Appellant, however, was not charged with domestic violence as a result of the disturbance.   Officer Hale testified he took three pictures of appellant's wife's injuries and two of the broken phone.   After confirming they were fair and accurate representations, the State sought to admit them into evidence.   Appellant objected solely on grounds of relevance.   The trial court overruled appellant's objection.

## II.  STANDARD OF REVIEW

A trial court's admission of evidence is reviewed under an abuse of discretion standard.   *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010); *McGee v. State*, 233 S.W.3d 315, 318 (Tex. Crim. App. 2007).   A trial court does not abuse its discretion if its decision to admit or exclude evidence is within the "zone of reasonable disagreement."   *McGee*, 233 S.W.3d at 318; *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990).

2

### III. DISCUSSION

Appellant argues that the trial court abused its discretion during the punishment phase by admitting photographs of his wife's alleged injuries because the photographs were irrelevant and unduly prejudicial. Appellant further argues that the trial court's admission of the photographs constitute reversible and harmful error because the photographs were misleading and lacked scientific reliability to be relevant and probative. Appellant further argues that the probative value of the photographs was substantially outweighed by the danger of unfair prejudice pursuant to Texas Rule of Evidence 403 and that their admission affected appellant's substantial rights.

When the trial court asked appellant's defense counsel to state his legal objection, he stated, "The objection is relevance, your Honor." Appellant did not further elaborate on his objection, and he did not make any objections whatsoever to the officer's testimony regarding the domestic disturbance. In order for a complaint to be preserved for review on appeal, the complaining party must have made the specific objection during the trial and obtained a ruling on the objection. TEX. R. APP. P. 33.1(a)(1)–(2); *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). Appellant failed to preserve his non-relevance complaints because he did not object on those grounds. *See* TEX. R. APP. P. 33.1(a)(1); *Schultze v. State*, 177 S.W.3d 26, 38 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd) ("[W]here a complaint on appeal does not comport with an objection made at trial, the error is not preserved on the complaint."); *see also Goodwin v. State*, No. 13-12-00035-CR, 2012 WL 3590723, at *1 (Tex. App.— Corpus Christi Aug. 20, 2012, no pet.) (mem. op., not designated for publication) (providing that a rule 403

3

objection must be made at trial in order to raise such a complaint on appeal).  Appellant's non-relevance complaints are not preserved.

We now turn to appellant's relevance objection.  Article 37.07, section 3(a) of the Texas Code of Criminal Procedure governs the admissibility of evidence during the punishment phase of a non-capital criminal trial.  *McGee*, 233 S.W.3d at 318.  The statute states, in relevant part, that:

> evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including . . . evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.

TEX. CODE CRIM. PROC. ANN. art. 37.07, §3(a) (West 2011).

The Texas Court of Criminal Appeals has explained that the definition of relevant under rule 401[1] is not a perfect fit in the punishment phase context.  *Hayden v. State*, 296 S.W.3d 549, 552 (Tex. Crim. App. 2009) ("Borrowing from the definition of 'relevant' in Texas Rule of Evidence 401 is of little avail because the factfinder's role during the guilt phase is different from its role during the punishment phase."); *Sims v. State*, 273 S.W.3d 291, 295 (Tex. Crim. App. 2008) ("[T]he definition of 'relevant,' as stated in Rule 401 of the Texas Rules of Evidence, does not readily apply to Article 37.07").  What is deemed relevant under article 37.07 is simply that which will help the factfinder tailor an appropriate sentence for a particular defendant.  *Sims*, 273 S.W.3d at 295; *Erazo v. State*, 144 S.W.3d 487, 491 (Tex. Crim. App. 2004).  Thus, any information or material

---

[1] Rule 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  TEX. R. EVID. 401.

that is helpful to a jury during the punishment phase is relevant. *Sims*, 273 S.W.3d at 295; *Hayden*, 296 S.W.3d at 552. More specific to this case, photographs admitted during the punishment phase of trial are helpful if they are "relevant, legitimate, and logical" to the testimony that they accompany. *Erazo*, 144 S.W.3d at 491.

Further, article 37.07 makes it clear that it is not necessary for a defendant to have been charged with or convicted of an extraneous crime or conduct in order for evidence of such crime or conduct to be deemed relevant. TEX. CRIM. PROC. CODE ANN. art. 37.07, § 3(a) (West 2011). It is also not necessary that the conduct be criminal in nature. *Haley v. State*, 173 S.W.3d 510, 514–15 (Tex. Crim. App. 2005) ("Under this statute, it is irrelevant whether the conduct the offering party is attempting to prove is, or can be characterized, as an offense under the Texas Penal Code"). Because the role of the jury during the punishment phase is not to determine whether a defendant has committed a crime, but rather to assess an appropriate sentence, the jury need only find that the extraneous conduct is attributable to the defendant. *Id.* at 515. If the conduct, and material evincing that conduct, is helpful to the jury in assessing an appropriate sentence, then proof of such conduct is relevant and therefore admissible under article 37.07. *McGee*, 233 S.W.3d at 318.

Officer Hale's testimony showed that appellant may have a propensity toward intoxication and violence. The photographs corroborated the officer's unobjected-to testimony and assisted the jury in evaluating appellant. Specifically, appellant's wife said he grabbed her arm, slapped her face, caused her to fall, and broke her cell phone. Officer Hale personally took the photographs of her injuries and the broken cell phone.

5

The photographs were relevant, legitimate, and logically connected to the testimony of Officer Hale. They evidenced appellant's violent conduct and thus were helpful to the jury in assessing a proper sentence. On this record, we cannot say the trial court abused its discretion by admitting the photographs into evidence during the punishment phase of trial.

We overrule appellant's issue.

## IV.   CONCLUSION

We affirm the trial court's judgment.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
8th day of August, 2013.