

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-12-00401-CR
## No. 10-12-00407-CR
## No. 10-12-00413-CR

**SAUL CARRIZALES LOERA,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

_____

### From the 54th District Court
### McLennan County, Texas
### Trial Court Nos. 2011-2309-C2, 2012-63-C2 and 2011-2310-C2

_____

## MEMORANDUM OPINION

_____

In these three cases, Saul Carrizales Loera pleaded guilty to four felony offenses (two counts of aggravated robbery, aggravated assault with a deadly weapon, and possession of a controlled substance with intent to deliver).[1]  A punishment hearing was held before a jury, which assessed punishment ay sixty years' imprisonment on

---

[1] The guilty pleas were part of an agreement in which the State agreed to drop the drug-free-zone enhancement allegation in the possession case, to withdraw its motion to cumulate sentences, and to not pursue additional charges against Loera.

each aggravated robbery charge, twenty years' imprisonment on the aggravated assault charge, and thirty years' imprisonment on the possession charge. The trial court entered judgments accordingly, with the sentences to be served concurrently. In his sole issue in all three cases, Loera complains about the admission of evidence in the punishment hearing. We will affirm.

Briefly, the punishment evidence shows that Loera and Clarissa Martinez were arguing. Miguel Figueroa and his brother Juan were in a nearby car eating lunch, and Miguel testified that as Martinez was driving away, Loera fired a gun at Martinez's car. Miguel said that Loera then approached Miguel's car, pointed his gun at Miguel and Juan, and robbed them of their telephones and wallets.

Former Waco police detective Steve January investigated the assault and robbery, and after identifying Loera as a suspect, the Figueroas identified Loera as the robber. January interviewed Clarissa Martinez, which led to the discovery of a bullet hole in the driver's door of her car. January obtained an arrest warrant for Loera, and Waco police officer Steve Anderson executed it and arrested Loera at a Waco residence with the address of 617 North 33rd Street. During a protective sweep of the residence, police discovered the contraband (cocaine along with drug paraphernalia) that constituted the possession offense.

In explaining how Loera was linked to the offenses by a witness and his location was found, January testified:

> Q. … And then, what did you do next to try and link the Defendant to this crime?

A. The information we retrieved from a witness gave us a particular house, location that Saul Loera was identified as being associated with. So I ran that particular address through our database.

Q. And then, do you remember what that address was or what street it was on?

A. 627 North 33rd.

Q. 617 North 33rd?

A. Yes. Yes. I'm sorry.

Q. So you ran this address?

A. I did.

Q. And then what information came back for that address?

A. Well, and I also had ran his particular name.

Q. Okay.

A. To see if it was associated with the address we had.

Q. And that's through a database in Waco?

A. Yes.

Q. Okay.

A. That's the database that I drew some conclusions on.

Q. And what conclusions did you draw from that?

A. Well, there were 70 entries for Saul Loera's name. And I physically counted each of the entries and there were 65 that associated him with that particular address on North 33rd that corroborated what the witness had told me.

[Defense Counsel]: Judge, I'm going to object to him referring to the number of incidences. He had the information available. Any

specificity to that would be – I would object to that under 403 as well as 404.

THE COURT: Overruled.

Loera's sole issue asserts that the trial court abused its discretion by admitting this alleged extraneous-offense evidence offered by January.[2]  We review a trial court's decision to admit or exclude evidence for an abuse of discretion.  *McDonald v. State*, 179 S.W.3d 571, 576 (Tex. Crim. App. 2005).  "Under an abuse of discretion standard, an appellate court should not disturb the trial court's decision if the ruling was within the zone of reasonable disagreement."  *Bigon v. State*, 252 S.W.3d 360, 367 (Tex. Crim. App. 2008).

Section 3(a) of Article 37.07 of the Code of Criminal Procedure grants trial courts broad discretion to admit evidence, including extraneous-offense evidence, during the punishment phase.  The relevant statutory language is:

> [E]vidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and, notwithstanding Rules 404 and 405, Texas Rules of Evidence, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.

TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a) (West Supp. 2013).

"[T]he admissibility of evidence at the punishment phase of a non-capital felony offense" trial "is" really "a function of policy rather than relevance."  *Rodriguez v. State,*

---

[2] On appeal Loera does not argue that the evidence was inadmissible under Rule of Evidence 403.

203 S.W.3d 837, 842 (Tex. Crim. App. 2006); *accord Miller-El v. State,* 782 S.W.2d 892, 894-95 (Tex. Crim. App. 1990). "Evidence is 'relevant to sentencing,' within the meaning of" Article 37.07, Section 3(a), "if the evidence is 'helpful to the jury in determining the appropriate sentence for a particular defendant in a particular case.'" *McGee v. State,* 233 S.W.3d 315, 318 (Tex. Crim. App. 2007) (quoting *Rodriguez*, 203 S.W.3d at 842). The test for relevancy is much broader during the punishment phase because it allows a jury to consider more evidence in exercising its discretion to assess punishment within the appropriate range. *See Murphy v. State,* 777 S.W.2d 44, 63 (Tex. Crim. App. 1988) (op. on reh'g).

The State contends that January's reference to the database entries for Loera was not extraneous-offense evidence; we agree. Rule 404(b) provides: "Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith." TEX. R. EVID. 404(b). "An extraneous offense is defined as any act of misconduct, whether resulting in prosecution or not, that is *not shown in the charging papers*." *Rankin v. State,* 953 S.W.2d 740, 741 (Tex. Crim. App. 1996). The evidence must show that a crime or bad act was committed and that the defendant was connected to it. *Moreno v. State,* 858 S.W.2d 453, 463 (Tex. Crim. App. 1993). "If the challenged evidence does not show that an offense was committed … , then it is not evidence of an extraneous offense." *Mayo v. State,* 17 S.W.3d 291, 299 (Tex. App.—Fort Worth 2000, pet. ref'd).

Accordingly, the trial court did not abuse its discretion in overruling Loera's Rule 404 objection to January's testimony about the database entries because there was

no evidence that the entries pertained to a crime or bad act connected to Loera. We overrule Loera's sole issue and affirm the trial court's judgments in each case.


REX D. DAVIS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
     (Chief Justice Gray concurs with a note)*
Affirmed
Opinion delivered and filed December 12, 2013
Do Not Publish
[CRPM]

*(Chief Justice Gray concurs in the judgment only. A separate opinion will not issue.)