

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00637-CR

Jeffrey **THEISEN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2012CR2446
Honorable Ray Olivarri, Judge Presiding

Opinion by:     Marialyn Barnard, Justice

Sitting:         Sandee Bryan Marion, Justice
                Marialyn Barnard, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:   October 8, 2014

AFFIRMED

A jury convicted appellant Jeffrey Theisen of intoxication manslaughter. Based on the jury's recommendation, the trial court sentenced Theisen to thirteen years' confinement. On appeal, Theisen raises two issues, contending the trial court erred in: (1) denying his motion for mistrial; and (2) admitting a photograph into evidence. We affirm the trial court's judgment.

## BACKGROUND

A detailed rendition of the facts is unnecessary to our disposition. Accordingly, we provide a brief background for context with regard to the issues raised by Theisen.

Theisen was attending a three-day heavy metal festival in San Antonio, Texas. Theisen admittedly became intoxicated at the festival. Despite his intoxication, Theisen got into his vehicle and drove onto Interstate 37. In his intoxicated state, Theisen crossed into the wrong lane and struck a vehicle driven by Christina Flores. Ms. Flores died as a result of the incident.

Theisen was arrested and ultimately pled guilty to intoxication manslaughter. Theisen opted to have a jury determine his sentence. During the punishment phase — specifically during the testimony of Priscilla Flores, the victim's daughter — there was an outburst in the courtroom from the victim's fourteen-year-old son, Christian Flores. The trial court called for a recess and excused the jury from the courtroom. Out of the jury's presence, Theisen moved for a mistrial based on the outburst, arguing the outburst would "unfairly . . . impact this jury." Theisen also asked that in the event the trial court admonished the jury, that it advise the jurors that the outburst is not evidence and they should not consider it. The trial court denied the motion for mistrial, but when the jury returned, the trial court instructed the jury to "disregard the outburst by that 14-year-old boy and again remind you that you will consider only the evidence as it comes in by the witnesses and by the exhibits."

Later in the punishment phase, the State sought to admit into evidence an autopsy photograph of the victim. Theisen objected under Rule 403 of the Texas Rules of Evidence. After hearing arguments, the trial court overruled Theisen's objection and admitted the photograph into evidence. After the jury deliberated, it recommended a sentence of thirteen years' imprisonment, and the trial court sentenced Theisen accordingly. Thereafter, Theisen perfected this appeal.

## ANALYSIS

As noted above, Theisen raises two issues on appeal. He contends the trial court should have granted his motion for mistrial and sustained his objection to the admission of the autopsy photograph.

### *Motion for Mistrial*

A trial court's denial of a motion for mistrial is reviewed under an abuse of discretion standard, and the ruling must be upheld unless it is outside the zone of reasonable disagreement. *Coble v. State*, 330 S.W.3d 253, 292 (Tex. Crim. App. 2010); *Gamboa v. State*, 296 S.W.3d 574, 580 (Tex. Crim. App. 2009). Because a mistrial is a drastic remedy, it is only required when an "error is so prejudicial that expenditure of further time and expense would be wasteful and futile." *Wood v. State*, 18 S.W.3d 642, 648 (Tex. Crim. App. 2000) (quoting *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999)). Thus, a mistrial "is a remedy appropriate for . . . highly prejudicial and incurable errors." *Wood*, 18 S.W.3d at 648.

During the punishment phase of the trial, the State called the victim's daughter, Priscilla Flores, to testify about how the death of her mother affected the Flores family. During Priscilla's testimony, her fourteen-year-old brother, Christian Flores, suddenly shouted out, calling Theisen a "mother f----r." Christian continued his outburst, yelling, "You took her away. You took her away. You took her away. You took her away." After a short recess and without the jury present, Theisen moved for a mistrial based on Christian's outburst. Although the trial court denied the motion for mistrial, it instructed the jury upon its return to the courtroom that it was to disregard the outburst and reminded the jury that it was to consider as evidence only information from witnesses and exhibits. Theisen contends this was insufficient.

In *Coble*, the court of criminal appeals held that an outburst from a spectator that interrupts a trial proceeding will not result in reversible error unless the appellant shows a reasonable probability that the conduct interfered with the jury's verdict. 330 S.W.3d at 292; *Gamboa*, 296 S.W.3d at 580. Moreover, a trial court's instructions to disregard an outburst are generally considered sufficient to cure any improper outburst because "it is presumed that the jury will follow those instructions." *Coble*, 330 S.W.3d at 292; *see Gamboa*, 296 S.W.3d at 580.

In an attempt to meet his burden to show the existence of a "reasonable probability" that the outburst interfered with the jury's verdict, Theisen relies on *Stahl v. State*. 749 S.W.2d 826, 832 (Tex. Crim. App. 1988). However, we hold *Stahl* is distinguishable given that it was decided on the basis of prosecutorial misconduct, not merely an improper outburst.

In *Stahl*, the prosecutor called the victim's mother as a witness. *Id.* at 828. Knowing she was predisposed to emotional outbursts, the prosecutor asked the mother to identify a photograph of her dead son. *Id.* The mother burst into tears, exclaiming, "Oh, my god. My baby. My God . . . May he rest in hell. May he burn in hell. Oh, my baby." *Id.* at 828–29. Although the trial court instructed the jurors to disregard the mother's statements, the prosecutor "exacerbated" the impact, repeatedly referring to the incident during the State's closing argument. *Id.* at 830. The court held that this "deliberate" and "persistent" conduct, "in direct contravention of prior rulings by the judge" established the prosecutor's attempt to improperly sway the jury. *Id.* at 830–31. The appellate court even suggested the prosecutor orchestrated the mother's outburst. *Id.* at 827.

Theisen contends that, like the prosecutor in *Stahl*, the prosecutor in this case exacerbated the boy's outburst during closing arguments by stating, "You've heard and seen a lot of big emotion over these past few days . . . ." We disagree. First, the State agreed that an instruction to disregard was called for, though there was debate about the form of the instruction. *See Coble*, 330 S.W.3d at 293. Second, the State did not attempt to justify the outburst. *See id.* Third, unlike *Stahl*, there is no indication in this record that the State orchestrated or even anticipated the outburst. In fact, it was the State who asked the trial court to admonish those in the gallery regarding such outbursts. Additionally, the prosecutor in this case did not identify the family member who had the outburst and did not repeatedly refer to the outburst during closing. *See id.* Finally, there were actual witnesses in this case who also displayed "big emotion" during their

testimony, so it cannot be said with any assurance that the State was referencing Christian's outburst in its closing as suggested by Theisen.

For example, Michelle Reynosa, a witness to the accident, became emotional when she testified to her account of the collision. Also, the victim's daughter provided extremely emotional testimony, describing how her brother and sister would miss so many experiences with their mother, how her mother would never see her get married, and all the other things the family would miss. She described her sadness and anger. Thus, to presume the State's reference to "big emotion" was solely attributable to Christian's outburst is inaccurate.

In addition, the trial court immediately instructed the jury to disregard Christian's outburst. The trial court specifically reminded the jury to consider only evidence, i.e., information provided by actual witnesses or through exhibits. We presume the jury followed the trial court's instruction. *See id.* In addition, it appears the outburst did not influence the jury as the sentence recommended, i.e., thirteen years, was less than the twenty-year maximum the jury could have recommended. *See* Tex. Penal Code Ann. §§ 12.33(a), 49.08(b) (West 2011). Accordingly, we hold Theisen failed to show a reasonable probability that the conduct interfered with the jury's verdict and overrule this issue. *See Coble*, 330 S.W.3d at 292; *Gamboa*, 296 S.W.3d at 580.

### *Autopsy Photograph*

In his second issue, Theisen contends the trial court abused its discretion when it admitted into evidence an autopsy photograph of the victim. He argues the admission of the photograph violated Rule 403 of the Texas Rules of Evidence because the probative value of the photograph was outweighed by its prejudicial effect.

We review a trial court's decision to admit photographs under an abuse of discretion standard. *Gallo v. State*, 239 S.W.3d 757, 762 (Tex. Crim. App. 2007). A trial court abuses its discretion if no reasonable view of the record could support its ruling, i.e., the ruling is outside the

zone of reasonable disagreement. *Riley v. State*, 378 S.W.3d 453, 457 (Tex. Crim. App. 2012); *McGee v. State*, 233 S.W.3d 315, 318 (Tex. Crim. App. 2007); *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g). There should be a reluctance on the part of the appellate court to reverse a trial court's decision on the admission or exclusion of evidence. *Montgomery*, 810 S.W.2d at 378.

A court may consider many factors in determining whether the probative value of photographic evidence is outweighed by its prejudicial effect. "These factors include: the number of exhibits offered, their gruesomeness, their detail, their size, whether they are in color or black-and-white, whether they are close-up, whether the body depicted is clothed or naked, the availability of other means of proof, and other circumstances unique to the individual case." *Williams v. State*, 301 S.W.3d 675, 690 (Tex. Crim. App. 2009). "Autopsy photographs are generally admissible unless they depict mutilation of the victim caused by the autopsy itself." *Id.*

Theisen contends an autopsy photograph is not admissible for the sole purpose of showing the death of an individual. *Erazo v. State*, 144 S.W.3d 487, 493 (Tex. Crim. App. 2004). However, Theisen fails to mention that the *Erazo* court held the admission of the photograph in question was error because it was an autopsy photograph of a fetus "whose death the defendant [was not] on trial [for]," rather than the mother, the actual victim. *Id.* at 494. The *Erazo* court, in discussing cases that permitted the admission of autopsy photographs over a Rule 403 objection, stated: the "photographs in the cases cited above were helpful to the juries in those cases because they showed" the victim. *Id.* "As a result, these photographs added something logical and relevant that made the photographs more probative than prejudicial." *Id.* at 494. Here, the State was permitted to introduce a photograph of the actual victim, which as noted by the *Erazo* court is relevant. *See id.* Thus, *Erazo* actually negates Theisen's contention as the autopsy photograph in this case was of the victim. *See id.*

In the present case, we hold the trial court did not abuse its discretion in admitting the autopsy photograph of Christina Flores, the victim. *See Gallo*, 239 S.W.3d at 762. Considering the *Williams* factors, we hold the autopsy photograph was not so prejudicial that it overcame the probative value. *See Williams*, 301 S.W.3d at 690; TEX. R. EVID. 403. The photograph at issue was not gruesome, as no injuries are shown. Additionally, it appears Flores may be naked, but only her shoulders and face can be seen in the photograph. Finally, the State did not admit any other autopsy photographs. Thus, the claim that this one photograph had a significant prejudicial effect outweighing its probative value is not supported by the record. Accordingly, we overrule Theisen's second issue.

## CONCLUSION

Based on the foregoing, we overrule Theisen's issues and affirm the trial court's judgment.

Marialyn Barnard, Justice

Do No Publish