

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

## No. 02-22-00054-CR

———————————————————

JAVIER DIAZ JR., Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 297th District Court
Tarrant County, Texas
Trial Court No. 1633717D

---

Before Sudderth, C.J.; Kerr and Wallach, JJ.
Memorandum Opinion by Justice Wallach

## MEMORANDUM OPINION

Without a plea bargain, Appellant Javier Diaz Jr. pled guilty to the offense of failure to comply with the sexual offender registration requirements and asked the trial court to assess punishment. *See* Tex. Code Crim. Proc. Ann. art. 62.102(b)(2). After hearing the evidence, the trial court sentenced Diaz to six years' imprisonment. Diaz appealed. We will affirm.

### I.  Diaz's Complaint

In one point, Diaz asserts that the "trial court abused its discretion in admitting irrelevant testimony regarding details of the prior sexual offense that resulted in the required registration." Regarding the "prior sexual offense that resulted in the required registration," in 1992, Diaz was placed on deferred adjudication for the offense of aggravated sexual assault of a child younger than fourteen years of age and placed on community supervision for ten years. Despite not completing all the community-supervision conditions, Diaz's probationary term was allowed to expire in 2002, and Diaz was released from supervision. Diaz argues that because no one disputed that he had committed an offense that required him to register as a sex offender, the underlying facts of his 1992 offense were irrelevant. *See Hudson v. State*, 112 S.W.3d 794, 800–01 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd).

### II.  Standard of Review

We review a trial court's decision to admit evidence for an abuse of discretion. *Kirk v. State*, 421 S.W.3d 772, 781 (Tex. App.—Fort Worth 2014, pet. ref'd). Under

this standard, we uphold the trial court's ruling as long as it falls within the "zone of reasonable disagreement" and is correct under any theory of law applicable to the case. *Id.* at 782.

### III. Discussion

Here, the prosecutor used the 1992 offense to correct a misrepresentation that Diaz had made to the PSI investigator[1] and, further, that Diaz had tried to perpetuate at the punishment hearing. Diaz had represented to the PSI investigator that his 1992 offense was for fondling a six-year-old child's vagina and having her perform fellatio on him, and when the prosecutor questioned Diaz about those representations at the punishment hearing, Diaz maintained that they were true.

The truth, however, was that the 1992 offense to which Diaz had pled guilty entailed penetrating the child's vagina with Diaz's penis. When confronted, Diaz admitted that he had been trying to minimize his conduct.

The focus of the prosecutor's cross-examination was that Diaz had lied to the investigator and then to the trial court. *See generally Lagrone v. State*, 942 S.W.2d 602, 612–13 (Tex. Crim. App. 1997); *Lemon v. State*, No. 14-10-00616-CR, 2011 WL 1837680, at *5 (Tex. App.—Houston [14th Dist.] May 10, 2011, pet. ref'd) (mem. op., not designated for publication). The question before us is whether Diaz's lying to the PSI investigator and to the trial court was relevant.

---

[1]PSI is short for presentence investigation report. *See Serrano v. State*, 636 S.W.3d 717, 720 (Tex. App.—Fort Worth 2021, pet. ref'd).

Various authorities show that it was. Section 3(a)(1) of Article 37.07 of the Texas Code of Criminal Procedure provides that both the State and the defendant may offer evidence "as to any matter the court deems relevant to sentencing." Tex. Code Crim. Proc. Ann. Art. 37.07, § 3(a)(1). The rule is well settled that in assessing punishment the trial court is entitled to consider a defendant's truthfulness when he testifies. *Thomas v. State*, 551 S.W.3d 382, 386 (Tex. App.—Houston [14th Dist.] 2018, pet. ref'd). Evaluating a defendant's credibility—as shown by the defendant's conduct at trial and testimony under oath—is both necessary and proper. *Id.* The sentencing judge must carefully evaluate a defendant's testimony to determine whether it contains willful and material falsehoods and, if so, to assess that conduct's significance in the context of the defendant's prospects for rehabilitation and for assuming a useful place in society. *Id.* A defendant's truthfulness or mendacity when testifying on his own behalf may be probative of his attitudes toward society and of his prospects for rehabilitation and, thus, is relevant to sentencing. *McGee v. State*, 233 S.W.3d 315, 318 (Tex. Crim. App. 2007).

Accordingly, because Diaz's dishonesty while testifying during the punishment hearing was a "matter . . . relevant to sentencing" under Section 3(a)(1) of Article 37.07, the trial court did not abuse its discretion. *See Romero v. State*, No. 07-20-00049-CR, 2021 WL 3207713, at *2 (Tex. App.—Amarillo July 29, 2021, no pet.) (mem. op., not designated for publication); *Thomas*, 551 S.W.3d at 386–87. We overrule Diaz's sole point.

## IV. Conclusion

Having overruled Diaz's point, we affirm the trial court's judgment.

/s/ Mike Wallach
Mike Wallach
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: June 8, 2023