**Edward Leno NEAL, Appellant**

v.

**The STATE of Texas, Appellee.**

No. 05–04–01487–CR.

Court of Appeals of Texas,
Dallas.

March 14, 2006.

William D. Rowlett, Plano, for appellant.

William T. (Bill) Hill, Jr., Criminal District Attorney, Patricia Poppoff Noble, Johanna H. Kubalak, Assistant District Attorneys, Dallas, for state.

Before Justices WRIGHT, O'NEILL, and FRANCIS.

## OPINION

Opinion by Justice WRIGHT.

Edward Leno Neal appeals his conviction for interference with an emergency telephone call. After the trial court found appellant guilty, it assessed punishment at 270 days' confinement, probated for eighteen months, and a $300 fine. In two points of error, appellant contends the trial court violated his right to confrontation when it admitted (1) certain testimony by the responding police officer, and (2) the recording of a 911 call. For the following reasons, we overrule appellant's points of error and affirm the trial court's judgment.

## Background

After receiving a 911 hang-up call, the operator returned the call and spoke with Shannda Lafleur, appellant's ex-girlfriend. Lafleur told the operator that appellant had broken into her apartment while she was sleeping and began to choke her. When Lafleur called 911, appellant took the telephone away from her, broke it, and ran from the apartment.

Officer Ian Dudley was one of the officers who responded to Lafleur's apartment. Lafleur told Dudley she did not know how appellant got into her apartment, but he came in while she was sleeping and began choking her. She struggled with him and managed to get to a telephone. After she dialed 911, he took the telephone out of her hand and threw it across the living room, where it hit the wall.

Appellant testified he went to Lafleur's apartment to see her. After she began "arguing and fussing," appellant told her he was going home. When he did so, Lafleur told appellant that if he went home, she would "call the police on you ... get you arrested in jail." Appellant left and as he did so, she "chunked the phone at me." Appellant saw the telephone hit the wall but did not know if it broke. Appellant denied choking Lafleur.

Lafleur did not testify. After hearing appellant's and Dudley's testimony and the recording of the 911 call, the trial court found appellant not guilty of assault and guilty of interference with an emergency telephone call. This appeal followed.

## Police Officer's Testimony

■ In his first point of error, appellant contends the trial court violated his Sixth Amendment right to confrontation by allowing Dudley's testimony about Lafleur's statements to Dudley. After Dudley testified that Lafleur told him "she was awakened by [appellant]; that he somehow had got into the residence and attempted to wake her up while she was sleeping" and appellant then "choked her around the neck," appellant reurged a hearsay objection to Dudley's testimony. In response, the trial court stated, "I will allow it just for testimony purposes, then I will determine whether or not I will take it into consideration under *Crawford*. I just need to hear what is being said and the questions asked. Overruled at this time." Appellant did not at any time object that Dudley's testimony violated his right to confrontation.

■ Generally, to preserve error, there must be a timely, specific objection to the complained-of testimony. *See* TEX.

R.APP. P. 33.1. Even constitutional error may be waived by the failure to object at trial. *Briggs v. State,* 789 S.W.2d 918, 924 (Tex.Crim.App.1990). A defendant in fact waives his constitutional right to confront witnesses if he does not object at trial. *Holland v. State,* 802 S.W.2d 696, 700 (Tex. Crim.App.1991). And, a hearsay objection is not sufficient to preserve error on a confrontation claim. *Id.*

■ Because appellant did not object to Dudley's testimony on confrontation grounds and his hearsay objection is insufficient to preserve error on that issue, he has failed to preserve this complaint for our review. *See id.* Further, even assuming, as appellant suggests, that the statement by the trial court in response to appellant's hearsay objection somehow granted appellant a "running objection" on confrontation, we cannot conclude it was timely as it came after Dudley had already testified about his conversation with Lafleur. We overrule appellant's first issue.

### 911 Telephone Call

■ In his second point of error, appellant contends the trial court violated his confrontation rights by admitting the recording of the 911 telephone call. He argues that a non-testifying complainant's statements to a 911 operator are testimonial and are, therefore, barred by the Confrontation Clause under *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). We cannot agree.

In *Crawford,* the Supreme Court reexamined the admissibility of out-of-court hearsay statements under the Confrontation Clause. The Court determined that "testimonial" hearsay evidence is inadmissible under the Confrontation Clause unless the declarant is unavailable and the defendant had a prior opportunity to cross-examine the declarant. *Id.* at 68, 124 S.Ct. 1354. Thus, the threshold question in determining if the trial court erred by admitting the recording of the 911 call is whether it is testimonial or non-testimonial in nature. *See Woods v. State,* 152 S.W.3d 105, 113 (Tex.Crim.App.2004), *cert. denied,* —— U.S. ——, 125 S.Ct. 2295, 161 L.Ed.2d 1092 (2005). Although the Supreme Court declined to provide a comprehensive definition of "testimonial" in *Crawford,* it noted three formulations of "core" testimonial evidence: (1) "ex parte in-court testimony or its functional equivalent," such as affidavits, custodial examinations, prior testimony not subject to cross-examination, or "similar pretrial statements that declarants would reasonably expect to be used prosecutorially;" (2) "extrajudicial statements" of the same nature "contained in formalized testimonial materials;" and (3) "statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." *Crawford,* 541 U.S. at 51–52, 124 S.Ct. 1354. It is the third of these areas at issue in this case.

Two Texas courts of appeals have considered whether statements made during a 911 telephone call were made under circumstances that would lead an objective witness reasonably to believe the statement would be available for use at a later trial, and were therefore testimonial within the meaning of *Crawford. See Kearney v. State,* 181 S.W.3d 438, 441–43 (Tex.App.-Waco 2005, pet. filed); *Ruth v. State,* 167 S.W.3d 560, 568–69 (Tex.App.-Houston [14th Dist.] 2005, pet. filed). In *Ruth,* the Fourteenth Court of Appeals reviewed precedent from Texas and other jurisdictions and determined that it is necessary to look at the circumstances of each case to determine whether statements made in a 911 call are testimonial. *Ruth,* 167 S.W.3d at 569. The court then considered the following principles to determine

whether the statements made in the 911 call were testimonial: (1) testimonial statements are official and formal in nature; (2) interaction with the police initiated by a witness or the victim is less likely to result in testimonial statements than if initiated by the police; (3) spontaneous statements to the police are not testimonial; and (4) responses to preliminary questions by police at the scene of a crime while police are assessing and securing the scene are not testimonial. *Id.* at 568. Because the witness made the 911 call during a crime in progress to summon the police, the court determined it was non-testimonial. *Id.* The Waco Court of Appeals used the same analysis used in *Ruth* to determine statements in a 911 call were non-testimonial. *Kearney,* 181 S.W.3d at 443.

The approach in these two cases is in keeping with the recent Texas Court of Criminal Appeals case of *Wall v. State,* 184 S.W.3d 730 (Tex.Crim.App.2006). In *Wall,* the court of criminal appeals determined an assault victim's out-of-court statements made during a hospital interview were made under circumstances that would lead an objective witness reasonably to believe the statement would be available for use at a later trial, thus implicating the Confrontation Clause. *See id.* at 745. The court of criminal appeals discussed the "muddled" state of the law as to whether excited utterances may or may not be classified as testimonial hearsay. *Id.* at 739–42. It concluded that the excited utterance and testimonial hearsay inquiries are separate, but related, and the parallel inquiries require an ad hoc, case-by-case approach. *Id.* Thus, a reviewing court should first determine whether a particular hearsay statement qualifies as an excited utterance. If so, the court then looks to the attendant circumstances and assesses the likelihood that a reasonable person would have either retained or regained the capacity to make a testimonial statement at the time of the utterance. *Id.* The *Wall* court then explained that, generally, statements made to the police while the declarant is still in personal danger are not made with consideration of their legal ramifications because the declarant usually speaks out of urgency and a desire to obtain a prompt response. Thus, those statements will not normally be deemed testimonial. *Id.* at 742 (citing *United States v. Brito,* 427 F.3d 53, 61–62 (1st Cir.2005), *petition for cert. filed,* (U.S. Jan. 17, 2006)).

An excited utterance is a "statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." Tex.R. Evid. 803(2); *Salazar v. State,* 38 S.W.3d 141, 154 (Tex. Crim.App.2001). In determining whether a statement is an excited utterance, the court may look at the time that elapsed between the event and the statement, as well as whether the statement was in response to a question; however, neither of those two factors is dispositive. *Zuliani v. State,* 97 S.W.3d 589, 596 (Tex.Crim.App. 2003). The critical factor in determining whether a statement is an excited utterance is whether the declarant was still dominated by the emotions, fear, excitement, or pain of the event at the time of the statement. *Id.*

Here, the complained-of statements were made to the 911 operator after Lafleur made an emergency telephone call during an assault in progress. At the time she made the statements, Lafleur was out of breath, talking quickly, and sounded as if she was about to cry. Lafleur sought immediate help from the police. Lafleur had difficulty responding directly to questions by the operator. The operator's questions were asked in an attempt to determine the suspect's location so the police could respond properly. Under these

circumstances, we conclude Lafleur was still dominated by the emotions and fear of the event at the time she made the complained-of statements to the 911 operator; thus, the statements qualify as an excited utterance. We further conclude that because Lafleur made the 911 call during a crime in progress, and made the statements to the 911 operator in urgency and with the desire for a prompt response by the police, the complained-of statements were not made under circumstances that would lead an objective witness to reasonably believe the statements would be available for use at a later trial. Thus, we conclude the statements on the 911 tape are not testimonial and do not implicate appellant's confrontation rights. *See Wall,* 184 S.W.3d at 736–39; *Kearney,* 181 S.W.3d at 443; *Ruth,* 167 S.W.3d at 568–69. We overrule appellant's second issue.

Accordingly, we affirm the trial court's judgment.