In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00167-CR


______________________________




ANDREW TYRONE MCCARTY, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 336th Judicial District Court


Fannin County, Texas


Trial Court No. 19739




 



Before Morriss, C.J., Carter and Cornelius,* JJ.


Opinion by Justice Cornelius



________________________

*William J. Cornelius, Chief Justice, Retired, Sitting by Assignment


O P I N I O N



 Andrew Tyrone McCarty was tried in 2000 on two counts of indecency with a five-year-old
female. A mistrial was declared. In 2006, McCarty was tried again on the two counts of indecency
with a child, and also on two additional indictments for aggravated sexual assault of a child by
penetration. At the second trial, the complainant testified that she remembered nothing about the
charged offenses. Her testimony from the previous trial was then read into evidence. The jury found
McCarty guilty on both counts of indecency with a child. The jury was unable to reach a verdict on
one of the aggravated sexual assault charges, and found McCarty not guilty on the other aggravated
sexual assault charge. The jury assessed McCarty's punishment at ten years' confinement and a
$1,000.00 fine on each of the indecency with a child convictions.

 On appeal, McCarty does not challenge the sufficiency of the evidence to support the
verdicts, but raises three issues claiming trial court error. For the reasons set out hereafter, we affirm
the judgment of the trial court.

 In his first issue, McCarty contends the trial court erred in admitting, over McCarty's hearsay
objection, testimony from the complainant's grandmother relating a statement the complainant made
about McCarty and the complainant's uncle, "Colt," "tickling" her. The trial court admitted evidence
of the complainant's statement under the excited-utterance exception to the hearsay rule. See Tex.
R. Evid. 803(2).

 The grandmother testified that the complainant, when Colt tickled her, began to cry and said,
"Don't do that. I don't like being touched by boys and men no more. Andrew pulled up my blouse
and was tickling my ribs and touched me." McCarty contends the statement by the complainant does
not qualify as an excited utterance under the Texas Rules of Evidence. We disagree.

 To be admissible as an excited utterance under Rule 803(2), the statement must be the
product of an event or condition startling enough to produce a state of nervous excitement in the
declarant sufficient to render the utterance spontaneous and unreflecting; the declarant must have
been dominated by the emotion, excitement, fear, or pain of the startling event; and the statement
must relate to the startling event. Sellers v. State, 588 S.W.2d 915, 918-19 (Tex. Crim. App. 1979). 
McCarty contends that the event producing the excited utterance must be the crime for which the
defendant is being tried. We disagree. The startling event that triggers an excited utterance need not
necessarily be the crime itself. Id. at 918; Tezeno v. State, 484 S.W.2d 374 (Tex. Crim. App. 1972);
Bondurandt v. State, 956 S.W.2d 762, 765 (Tex. App.--Fort Worth 1997, pet. ref'd); Hunt v. State,
904 S.W.2d 813, 816 (Tex. App.--Fort Worth 1995, pet. ref'd). Whether the statement relates to
the crime on trial is a question of relevance, not hearsay. In this case, the complainant's statement
was relevant because it referred to the offense of which McCarty was accused, as well as to another
event. The temporal proximity of the statement must be to the event that prompted the spontaneous
utterance, not necessarily to the offense being tried.

 Here, the complainant's statement met all the requirements of Rule 803(2). The grandmother
testified the complainant was crying when she made the statement, and she was upset, frightened,
and scared. She further testified that the statement was made by the complainant "during" and
"immediately" after the event. And the statement related to the startling event. The trial court
correctly admitted the complainant's statement as an excited utterance under the Rules of Evidence. 
 McCarty also contends that the admission of the complainant's statement as related by the
grandmother violated the Confrontation Clause of the United States Constitution, Amendment VI. 
A testimonial statement of a witness who is unavailable to testify is inadmissible if the defendant
lacked a prior opportunity for cross-examination. Crawford v. Washington, 541 U.S. 36 (2004);
Wall v. State, 184 S.W.3d 730, 735 (Tex. Crim. App. 2006); Walter v. State, 209 S.W.3d 722, 727
(Tex. App.--Texarkana 2006, pet. granted); Moore v. State, 169 S.W.3d 467 (Tex.
App.--Texarkana 2005, pet. ref'd). The threshold question is whether the statement is testimonial. 
Woods v. State, 152 S.W.3d 105, 113 (Tex. Crim. App. 2004). The fact that the statement qualifies
as an excited utterance under the hearsay exceptions does not necessarily free it from the strictures
of the Confrontation Clause. Rather, the event that gives rise to an excited utterance informs the
Confrontation Clause analysis and sheds light on the inquiry as to the testimonial nature of the
statement.  Wall,  184  S.W.3d  at  740.  Classic  examples  of  statements   that  are  testimonial
are: (1) ex parte in-court testimony or its functional equivalent; (2) extra-judicial statements
contained in formalized testimonial materials; and (3) statements made under circumstances that
would lead an objective witness reasonably to believe that the statement would be available for use
at a later trial.

 The complainant's statement made to her grandmother was not testimonial. These facts and
circumstances demonstrate the statement's nontestimonial character: the declaration was not made
in any formal setting or structured environment; it was not made to an officer or in connection with
any kind of investigation; it was made at a time when McCarty was not under suspicion; it was not
made in response to any question; it was made during or immediately after the event that produced
it; it was a spontaneous excited utterance made while the complainant was in the grip of fear and
without time for reflection; it was more in the nature of a cry for help than testimony; and the tender
age and excited state of the complainant weigh against the statement being testimonial.

 Because the complainant's statement was not testimonial, it is not necessary for us to decide
if the complainant was "unavailable" to testify because of her mental state. The trial court did not
abuse its discretion in allowing the statement in evidence. Neal v. State, 186 S.W.3d 690 (Tex.
App.--Dallas 2006, no pet.).

 McCarty's last issue complains because the trial court failed to instruct the jury on his
eligibility for community supervision. A defendant is eligible for community supervision only if he
files a sworn motion for community supervision and proves that he has never before been convicted
of a felony. Tex. Code Crim. Proc. Ann. art. 42.12, § 4(e) (Vernon 2006); Tenery v. State, 680
S.W.2d 629 (Tex. App.--Corpus Christi 1984, pet. ref'd). In this case, both the defense counsel and
the trial court made references to a motion for community supervision apparently made at the
previous trial that ended in a mistrial. However, the record does not contain any motion for
community supervision. A defendant has the burden to present a record on appeal that shows he is
entitled to relief. Walker v. State, 440 S.W.2d 653, 659 (Tex. Crim. App. 1969). If he fails to do
so, he cannot prevail. Moreover, in this case, McCarty failed to submit evidence that he had never
been convicted of a felony. The only evidence on that point in the record is McCarty's own
testimony at the previous trial, a transcript of which was introduced in evidence in this trial. In that
testimony, McCarty testified he had never been convicted of a felony in this or in any other state. 
However, as noted by the trial court, McCarty's testimony to that effect was given in 2000, whereas
this trial was conducted in the year 2006. Thus, McCarty's testimony covered only the time up to
2000. There is no evidence whether he was convicted of any felony between the years 2000 and
2006. 

 McCarty argues we must take his testimony in the previous trial literally--that he has never
been convicted of a felony, but neither the trial court nor this Court is required to take testimony out
of context. Godsey v. State, 719 S.W.2d 578, 584 (Tex. Crim. App. 1986). The trial court gave
McCarty an opportunity to prove at this trial by his own testimony or other evidence that he had no
felony convictions between 2000 and 2006, but he refused. In these circumstances, the trial court
did not abuse its discretion in refusing to give the jury an instruction on McCarty's eligibility for
community supervision.

 For all the reasons discussed, we affirm the judgment of the trial court.




 William J. Cornelius

 Justice*


*Chief Justice, Retired, Sitting by Assignment


Date Submitted: March 9, 2007

Date Decided: June 14, 2007


Publish