**Affirmed as Modified; Opinion Filed June 4, 2013.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-12-00560-CR**

**RICKY EARL ANDERSON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 199th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 199-81245-08**

## MEMORANDUM OPINION

Before Justices Moseley, Lang-Miers, and Evans
Opinion by Justice Moseley

A jury convicted Ricky Earl Anderson of sexual assault of a child and indecency with a child. In four issues, Anderson argues the evidence was insufficient to prove he committed each offense, the trial court erred by excluding relevant testimony, and he received ineffective assistance of counsel at trial. The State brings a single cross-issue requesting we modify the trial court's judgment to reflect the proper presiding judge. The background and facts of the case are well known to the parties; thus, we do not recite them here in detail. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We modify the judgment to correct the name of the trial judge and affirm the trial court's judgment as modified.

When reviewing a challenge to the sufficiency of the evidence, we examine all the evidence in the light most favorable to the verdict and determine whether a rational trier of fact

could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Lucio v. State*, 351 S.W.3d 878, 894–95 (Tex. Crim. App. 2011). We defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *See Jackson*, 443 U.S. at 326.

The complaining witness, L.N., testified that she and other children took Kung Fu lessons from Anderson. On her fifteenth birthday, she went to Kung Fu practice at Anderson's apartment. After practice, the team went out to dinner to celebrate L.N.'s birthday. After dinner, about five students returned to Anderson's apartment. Upon arriving at the apartment, Anderson told the other students that he had left his wallet at the restaurant; the other students left to retrieve it, but L.N. stayed behind. Once the other students departed for the restaurant, Anderson produced his wallet.

L.N. said she felt "special" and it was "kind of like an honor" that Anderson wanted to spend time alone with her. Anderson told L.N. that she "was his soulmate [sic] and that [they] were meant to be and he had known for a while [sic]." Anderson then told her "why he had picked me and it would be dishonorable not to accept him. And that, you know, I should be respectful and dutiful."

Anderson grabbed L.N. by the wrist and took her to his bedroom. She was scared and confused. In the bedroom, Anderson removed L.N.'s pants and underwear and told her to lie on the bed. He removed a condom from a box on his dresser and removed his own clothing. Anderson then had sex with L.N. Afterward, Anderson instructed L.N. to clean up in the bathroom, which she did, and then she got dressed. They left the bedroom and waited for the other students to return. L.N. and her cousin then went home.

L.N. attended only one or two more practices before discontinuing the Kung Fu lessons.

Viewing the evidence (including that summarized above) in the light most favorable to the verdict, we conclude the evidence presented to the jury, when viewed together, would allow a rational trier of fact to find beyond a reasonable doubt that the State proved the elements of sexual assault of a child and indecency with a child. *See* TEX. PENAL CODE ANN. §§ 21.11 (indecency with a child), 22.011 (sexual assault); *Jackson*, 443 U.S. at 319; *Lucio*, 351 S.W.3d at 894-95. We overrule Anderson's first and second issues.

In his third issue, Anderson asserts the trial court abused its discretion by excluding testimony from another witness, C.L., because the testimony showed L.N.'s motive or bias and, by not allowing the testimony and cross-examination, Anderson's Confrontation right was violated. Anderson did not present either of these arguments to the trial court.

In addition to the charges for which he was convicted, the jury acquitted Anderson of sexual crimes against another girl, C.L. C.L. testified at trial that Anderson sexually assaulted her. In a hearing outside of the presence of the jury, Anderson's counsel questioned C.L. about her request that Anderson help her get an abortion. Anderson's counsel argued this testimony was relevant to C.L.'s motive and credibility. The trial court sustained the State's objection to the evidence and excluded it.

To preserve a complaint for appellate review, a party must present the trial court with a timely, specific request, objection, or motion, and obtain a ruling. TEX. R. APP. P. 33.1(a). An appellate contention must comport with the specific objection made at trial. *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). Even constitutional errors may be waived by failure to object at trial. *Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995); *Neal v. State*, 186 S.W.3d 690, 692 (Tex. App.—Dallas 2006, no pet.). Because Anderson's arguments about

the admissibility of C.L.'s testimony on appeal do not comport with his arguments in the trial court, we conclude he did not preserve this issue for appeal. We overrule Anderson's third issue.

Finally, Anderson argues he received ineffective assistance of counsel because his trial counsel introduced irrelevant character testimony during the guilt/innocence phase of the trial, which subjected Anderson and Anderson's witnesses to impermissible impeachment. To successfully assert an ineffective assistance of counsel challenge, an appellant must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) a reasonable probability exists that, but for counsel's errors, the result of the proceeding would have been different. *See Rylander v. State*, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003). An ineffective assistance claim must be "firmly founded in the record," and the record must "affirmatively demonstrate" the claim has merit. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). Generally, a silent record providing no explanation for counsel's actions will not overcome the strong presumption of reasonable assistance. *See Rylander*, 101 S.W.3d at 110–11.

Although Anderson filed a motion for new trial, he did not raise this point in his motion. He took no other steps to develop a record showing why his counsel engaged in the challenged conduct. *See Goodspeed*, 187 S.W.3d at 392. Thus, the record is silent as to counsel's strategy or reasons for introducing the testimony about which Anderson complains. We will not speculate about what Anderson's counsel's trial strategy might have been with regard to the alleged error. Moreover, we cannot say that counsel's conduct was "so outrageous that no competent attorney would have engaged in it." *Id.* The silent record in this case cannot overcome the presumption of effective assistance of counsel. *See id.*; *Rylander*, 101 S.W.3d at 110–11. We overrule Anderson's fourth issue.

The State brings a single cross-issue, asking us to reform the judgment to properly reflect the presiding judge was the Honorable Richard Dean rather than the Honorable Robert T. Dry, Jr. This Court has the authority to correct the trial court's judgment to make the record speak the truth when the Court has the necessary data and information to do so. *See* TEX. R. APP. P. 43.2; *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529-30 (Tex. App.—Dallas 1991, pet. ref'd). We resolve the State's sole issue in its favor. We modify the judgment to reflect that the Honorable Richard Dean was the judge who presided over the trial.

As modified, we affirm the trial court's judgment.

/Jim Moseley/
JIM MOSELEY
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

120560F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RICKY EARL ANDERSON, Appellant

No. 05-12-00560-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 199th Judicial District Court, Collin County, Texas
Trial Court Cause No. 199-81245-08.
Opinion delivered by Justice Moseley.
Justices Lang-Miers and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows: we **STRIKE** Hon. Robert T. Dry, Jr.'s name as the name of the presiding judge and **MODIFY** the judgment by adding Hon. Richard Dean as the presiding judge.

As modified, the judgment is **AFFIRMED**.

Judgment entered this 4th day of June, 2013.

/Jim Moseley/
JIM MOSELEY
JUSTICE