**AFFIRMED as Modified; Opinion Filed February 5, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01042-CR

**JOE ANTHONY CORTEZ, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 363rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F11-63290-W**

## OPINION

Before Justices O'Neill, Myers, and Brown
Opinion by Justice Myers

A jury convicted appellant Joe Anthony Cortez of aggravated robbery with a deadly weapon and assessed a punishment of fifty years in prison and a $10,000 fine. In three issues, he argues the trial court erred by admitting gang evidence, a pen packet of one of appellant's prior convictions, and that the evidence is insufficient to support the trial court's order for him to pay $264 in court costs. In a cross point, the State asks us to modify the judgment to reflect appellant's plea of true and the finding of true to the enhancement paragraph of the indictment. As modified, we affirm the trial court's judgment.

### DISCUSSION

#### *Gang Evidence*

In his first issue, appellant argues the trial court erred by admitting gang evidence because the testimony was irrelevant and unfairly prejudicial. Appellant contends the evidence

was irrelevant because it did not establish appellant was a member of either of the two gangs at the time of the offense, nor did it establish the activities and purposes of the gangs during the period appellant was a member. Appellant also points out that there was no limiting instruction nor charge to the jury to limit its consideration of the gang evidence. Additionally, appellant contends the State's only purpose in offering the testimony was to inflame the minds of the jurors in an attempt to portray appellant as a part of a gang of violent criminals.

During the punishment phase of the trial, Dallas Police Officer Antonio Aleman testified that appellant was a member of the "Junior Home Boys" gang before going to prison and that "now he's [a] Tango Blast gang member." Aleman explained that "Tango Blast" is a gang that started in prison and that the "Junior Home Boys" gang is criminal street gang from the "North Oak Cliff area" in Dallas, Texas. He identified State's exhibit 21 as a photograph of appellant's tattoos, which included "clowns, stars, bullet holes, [and] eyes." Aleman testified that the stars that appeared around the tattoos indicated appellant was "a Tango Blast gang member," and that he had the words "Tango Blast" and his last name tattooed around his upper neck. Appellant also had tattoos of a gun, with smoke coming out of the gun, and a bullet hole.

At trial, appellant did not object to the evidence of his gang membership based on any of the grounds he alleges on appeal. Appellant successfully objected based on speculation when Aleman, asked to explain the significance of the clown tattoos, stated, "I couldn't tell you. Probably his life, him." Appellant also objected to relevancy when Aleman, near the end of his direct testimony, was asked whether Luis Castillo, a childhood friend of appellant's who testified during the guilt-innocence phase of the trial, was also in the Dallas Police Department's gang file. That objection was overruled. There was no objection to any of Aleman's testimony noted above regarding appellant's affiliation with the "Junior Home Boys" or "Tango Blast" gangs, or appellant's tattoos.

In order for an issue to be preserved on appeal, there must be a timely objection that specifically states the legal basis for the objection. *Martinez v. State*, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003); *Wilson v. State*, 71 S.W.3d 346, 349–50 (Tex. Crim. App. 2002); *Rhoades v. State*, 934 S.W.2d 113, 119–20 (Tex. Crim. App. 1996). The purpose of the contemporaneous objection rule is to notify the trial judge of the basis of the objection to allow the trial court to rule, and to afford the opponent an opportunity to cure the complained-of defect. *Janecka v. State*, 823 S.W.2d 232, 243–44 (Tex. Crim. App. 1990). A defendant "may not, for the first time on appeal, urge error not raised at trial." *Nelson v. State*, 607 S.W.2d 554, 555 (Tex. Crim. App. 1980). Even constitutional errors may be waived by failing to object at trial. *Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995); *Neal v. State*, 186 S.W.3d 690, 692 (Tex. App.—Dallas 2006, no pet.); *Cole v. State*, 931 S.W.2d 578, 580 (Tex. App.—Dallas 1995, pet. ref'd). Because he did not complain at trial about the evidence he challenges on appeal, appellant failed to preserve his complaint for appellate review. *See* TEX. R. APP. P. 33.1(a). We overrule appellant's first issue.

### *State's Exhibit 20*

In his second issue, appellant argues the trial court abused its discretion during the trial's punishment phase when it admitted State's exhibit number 20, which was a pen packet that stated appellant was convicted of unauthorized use of a motor vehicle in 1998 in cause F98–53360–LI, Dallas County, Texas, and sentenced to 180 days in state jail and a $750 fine. The State responds that the trial court did not abuse its discretion by admitting the exhibit because appellant later admitted he was the person convicted of the offense.

Dallas County Sheriff's Deputy Willie Washington testified during the punishment phase that appellant's fingerprints matched those in State's exhibits 16, 17, 18, and 19, which showed appellant had four prior convictions for aggravated robbery in 1999. Washington could not

match appellant's fingerprints to those in State's exhibit 20 because of the poor quality of the fingerprints, but he testified that State's exhibit 20 referred to cause number F98–53360–LI in which "Joe Anthony Cortez" was convicted of unauthorized use of a motor vehicle. Washington testified as follows:

Q. [PROSECUTOR]: And with regards to State's Exhibit Number 20, were you able to make a match with regards to—to that particular prior conviction?

A. [WASHINGTON]: No.

Q. Okay. And why were you not able to do that?

A. Poor quality on the fingerprints.

Q. Okay. But with regards to State's Exhibit Number 20, does it contain the name Joe Anthony Cortez?

A. Yes, it does.

Q. Does it also state the court in which the conviction is from, as well as the cause number?

A. Yes, it does.

Q. As well as the offense for which he purports to be committed—convicted of, I'm sorry?

A. The offense, yes, unauthorized use of a motor vehicle.

Q. Okay. And just for the record, on State's Exhibit Number 20, what is the Cause Number for that particular case?

A. Cause Number F98–53360–LI.

Q. Okay. And does it say what his punishment was for that particular offense?

A. He was indicted, he was charged, found guilty.

When the State offered exhibits 16, 17, 18, 19, and 20 into evidence, appellant objected to the admission of State's exhibit 20 (he did not contest exhibits 16, 17, 18, and 19) because Washington could not compare the fingerprints in the exhibit to match appellant's fingerprints. The trial court initially sustained the objection. The State, however, argued there was "other significant identifying information" in State's exhibit 20 and that it went "to the weight of the

evidence that the jury gives it." The trial court examined the exhibit, which shows that appellant was convicted in 1998 of unauthorized use of a motor vehicle in cause F98–53360–LI and sentenced to 180 days in state jail and a $750 fine, and reversed its ruling. The relevant portion of the record reads as follows:

> THE COURT: May I see—may I see the document?
>
> [PROSECUTOR]: Yes, Your Honor.
>
> THE COURT: Deputy Washington, could you read the print on this exhibit because it's been scanned?
>
> THE WITNESS: At this time, I'd say yes.
>
> THE COURT: Thank you. I reverse my ruling, admitted.

Appellant later testified that he was incarcerated because he "committed four aggravated robberies the same day, same time" in 1999, and that he was sentenced to thirteen years in prison.[1] He also testified as follows:

> Q. [PROSECUTOR]: Right. Now, you were also convicted of unauthorized use of a motor vehicle in 1998; is that correct?
>
> A. [APPELLANT]: Yes, I did.
>
> Q. All right. Got 180 days in the state jail for that?
>
> A. Yeah, five—five, six months, something like that. I discharged that.

We review the trial court's admission of evidence for an abuse of discretion. *De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009). If the trial court's ruling is within the zone of reasonable disagreement, there is no abuse of discretion. *Prible v. State*, 175 S.W.3d 724, 731 (Tex. Crim. App. 2005).

Any error in the admission of evidence is cured where the same evidence comes in elsewhere without objection. *See, e.g., Lane v. State*, 151 S.W.3d 188, 193 (Tex. Crim. App.

---

[1] According to the judgment in State's exhibits 16, 17, 18, and 19, the four aggravated robberies were committed on May 18, 1999.

2004) (quoting *Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003)). The court of criminal appeals has reiterated that "erroneously admitting evidence 'will not result in reversal when other such evidence was received without objection, either before or after the complained-of ruling.'" *Coble v. State*, 330 S.W.3d 253, 282 (Tex. Crim. App. 2010) (quoting *Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998)). Such is also the case here. Appellant's admission that he was convicted in 1998 of unauthorized use of a motor vehicle cured the error, if any, in the admission of State's exhibit 20. We overrule appellant's second issue.

### *Court Costs*

In his third issue, appellant argues the evidence is insufficient to support the trial court's order for him to pay $264 in court costs. He requests that we reform the trial court's judgment to delete the requirement that he pay court costs because the clerk's record filed in this case does not contain an itemized bill of costs.

The Texas Code of Criminal Procedure provides in part that if a criminal action is appealed, "an officer of the court shall certify and sign a bill of costs stating the costs that have accrued and send the bill of costs to the court to which the action or proceeding is transferred or appealed." TEX. CODE CRIM. PROC. ANN. art. 103.006. The code of criminal procedure further provides that "[a] cost is not payable by the person charged with the cost until a written bill is produced or is ready to be produced, containing the items of cost, signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost." *Id*. art. 103.001.

The clerk's record in this case did not contain a copy of the cost bill or any other document with an itemized list of costs assessed in this case. Given that appellant raised an issue concerning the costs assessed against him, we ordered the Dallas County District Clerk to prepare and file a supplemental clerk's record containing a detailed itemization of the costs assessed in this case, including specific court costs, fees, and court-appointed attorney's fees, and

that the supplemental record should include a document explaining any and all abbreviations used to designate a particular fee, cost, or court-appointed attorney's fee. *See* TEX. R. APP. P. 34.5(c)(1) (rules of appellate procedure allow supplementation of clerk's record if relevant item has been omitted). The District Clerk has complied with our order by filing a signed and certified supplemental clerk's record containing an itemization of the costs assessed in this case, and an explanation of the abbreviations used in the itemization. Because the record now contains a cost bill that supports the costs assessed in the judgment, appellant's argument that the evidence is insufficient to support the imposition of costs because the clerk's record does not contain a cost bill is, therefore, moot. *See Coronel v. State*, No. 05–12–00493–CR, 2013 WL 3874446, at *4 (Tex. App.—Dallas July 29, 2013, pet. ref'd) (citing *Franklin v. State*, 402 S.W.3d 894, 894 (Tex. App.—Dallas 2013, no pet.)); *see also Juarez v. State*, No. 05–12–00125–CR, 2013 WL 3957008, at *9 (Tex. App.—Dallas July 31, 2013, no pet.) (not designated for publication).

In response to the supplemental clerk's record, appellant has filed objections in which he argues the cost bill filed in the supplemental record is not a "proper bill of costs." He contends the cost bill is not a proper bill of costs because it is an "unsigned, unsworn computer printout" that "was not signed by the officer who charged the cost nor by the officer who is entitled to receive payment for the cost." As we stated earlier, the code of criminal procedure requires that a bill of cost be certified and signed "by the officer who charged the costs or the officer who is entitled to receive payment for the cost," "stating the costs that have accrued" if the cause is appealed. *See* TEX. CODE CRIM. PROC. ANN. art. 103.001, .006.

In this case, the District Clerk has provided a cost bill that itemizes the costs that have accrued thus far in appellant's case, and it is certified and signed by the District Clerk. This satisfies the mandate of the code of criminal procedure. *See Coronel*, 2013 WL 3874446, at *4

(rejecting argument that bill of costs in supplemental clerk's record was not a "proper bill of costs" because it was an "unsigned, unsworn computer printout"); *see also Juarez*, 2013 WL 3957008, at \*10 (same). Appellant also contends there is no indication the bill of costs was filed in the trial court or brought to the court's attention before the costs were entered in the judgment. We rejected this argument in *Coronel*, where we stated that "nothing in the code of criminal procedure or the statutes addressing the assessment of costs against defendants requires that a bill of costs be presented to the trial court at any time before judgment." *Coronel*, 2013 WL 3874446, at \*5; *see also Juarez*, 2013 WL 3957008. We therefore deny appellant's objections and overrule his issue.[2]

### State's Cross Point

In a cross point, the State argues that the judgment should be modified to show appellant entered a plea of true to the indictment's enhancement paragraph. The judgment incorrectly states "N/A" under space provided for "Plea to 1st Enhancement Paragraph" and "Findings on 1st Enhancement Paragraph." The record shows that appellant entered a plea of true to the indictment's enhancement paragraph and that the jury found the allegations set out in the enhancement paragraph to be true.

This Court has the authority to modify or reform a judgment to make the record speak the truth when the matter has been called to its attention. TEX. R. APP. P. 43.2(b); *French v. State*, 830 S.W.2d 607,609 (Tex. Crim. App. 1992); *Asberry v. State*, 813 S.W.2d 526, 531 (Tex. App. —Dallas 1991, pet. ref'd). We therefore modify the judgment in this case to reflect that appellant entered a plea of true to the enhancement paragraph and that the enhancement paragraph was found to be true.

---

[2] In his original brief and his objections, appellant does not challenge the propriety or legality of the specific costs assessed; therefore, we do not address those matters.

As modified, we firm the trial court's judgment.

/ Lana Myers/
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
121042F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOE ANTHONY CORTEZ, Appellant

No. 05-12-01042-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 363rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F11-63290-W.
Opinion delivered by Justice Myers.
Justices O'Neill and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

"Plea to 1st Enhancement Paragraph: True" and "Findings on 1st Enhancement Paragraph: True."

As **MODIFIED**, the judgment is **AFFIRMED**. We direct the trial court to enter a new judgment that reflects these modifications.

Judgment entered this 5th day of February, 2014.

/Lana Myers/
LANA MYERS
JUSTICE