**Affirmed and Opinion Filed June 20, 2016**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00038-CR

**BENJAMIN LEE CHRONISTER, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court No. 11**
**Dallas County, Texas**
**Trial Court Cause No. MA1420697**

## MEMORANDUM OPINION

Before Justices Bridges, Lang-Miers, and Schenck
Opinion by Justice Bridges

Benjamin Lee Chronister appeals his family violence assault conviction. Following the denial of appellant's pretrial motion to suppress, appellant pled guilty, and the trial court deferred adjudication of his guilt and placed him on 15 months' community supervision. In three points of error, appellant argues the trial court erred in determining that a 911 call was admissible as an excited utterance and did not violate his Sixth Amendment right to confrontation either in its entirety or, assuming an ongoing emergency ever existed, in the last thirty seconds of the call. We affirm the trial court's judgment.

Appellant was charged by information with causing bodily injury to complainant, a woman who was in a dating relationship with appellant and who was a member of appellant's family and household. The record shows appellant and complainant had an argument over

appellant's drinking habits while returning from a bowling alley at approximately 2:00 a.m. When they arrived at their apartment, they argued in the parking lot for approximately an hour and a half. Complainant walked away, but she had gone only 150 feet when appellant charged her and tackled her to the ground. Complainant fell on her right side and felt pain from her right shoulder to her right elbow. As she fell, two cell phones fell from her back pocket. For about fifteen minutes, appellant lay on the ground on top of complainant and yelled and screamed at her, saying it was her fault. The complainant was crying and asking appellant to get up and let her go. When appellant allowed complainant to sit up, she put the cell phones between her legs to keep them from appellant; however, appellant took the cell phones from complainant and put them in his pocket. After talking for a few more minutes, appellant held complainant as they walked back to their apartment. Once they reached the common area of their apartment building, complainant stood crying at the bottom of a stairway as appellant climbed the stairs. Complainant ran to her vehicle and drove to a 7-11, where she called 911.

Prior to trial, appellant filed a motion to suppress in which he argued the recording of complainant's 911 call was inadmissible because it was only a portion of the call. Appellant argued the admission of "any portion of the incomplete tape would violate [his] right to Confrontation and his right to due process of law." Appellant further objected that the recording was not authenticated by a witness, the caller's statements on the recording did not constitute an excited utterance, and the caller's statements were inadmissible as testimonial statements under the Sixth Amendment's confrontation clause.

The trial court conducted a hearing on appellant's motion to suppress at which appellant's counsel reiterated the arguments raised in the motion to suppress. The prosecutor

responded the State was only prepared to argue the admissibility of the tape under *Crawford*[1] and under a hearsay exception. In his argument, the prosecutor argued the tape was admissible as an excited utterance and further argued the statements on the tape were not testimonial. At the conclusion of the hearing, the trial court determined there was an ongoing emergency, and the time between the underlying assault and the 911 call did not preclude the statements from "meet[ing] the hearsay exception of excited utterance." The trial court admitted the tape "in its entirety as far as *Crawford* objections" but reserved ruling on "admitting any portion of it regarding the Rule of Optional Completeness" pending an additional hearing.[2] The trial court set the case for "trial in November." However, appellant entered a guilty plea, and he was placed on community supervision. This appeal followed.

In his first point of error, appellant argues the trial court abused its discretion in determining the 911 tape was admissible as an excited utterance. *See* TEX. R. EVID. 803(2). Specifically, appellant argues the State did not put forth any evidence that a "startling event or condition" occurred. Appellant argues there was "no evidence of a 'length of time' between the event and the statement because there was no evidence offered that an 'event' even occurred." Thus, appellant argues, the statements on the 911 tape were not admissible as an excited utterance.

The admission of out-of-court statements is reviewed for abuse of discretion, and the trial court's decision will not be reversed unless it falls outside the zone of reasonable disagreement. *Zuliani v. State*, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003). An "excited utterance" is a "statement relating to a startling event or condition, made while the declarant [is] under the stress of excitement that it caused." TEX. R. EVID. 803(2). While time can certainly be a factor in

---

[1] *Crawford v. Washington*, 541 U.S. 36 (2004).

[2] Defense counsel specifically stated, "I'll reserve authentication, due process, optional completeness and other confrontation issues for another day, but I don't think we need to get there, Your Honor."

determining an excited utterance, it is not dispositive. *Zuliani*, 97 S.W.3d at 595–96. Rather, the critical consideration is whether the declarant is still dominated by the emotions, excitement, fear or pain of the event. *Id.* at 596.

Here, the tape of complainant's 911 call shows complainant was crying during the entire call. Complainant "didn't think" she had been injured anywhere besides her right arm. The 911 dispatcher stated there was an "ambulance and everyone" coming to her location at the 7-11. Complainant stated she was calling from inside the 7-11 store but asked if there was "any way you can have one to the apartment." When asked if she was "bleeding or anything," complainant stated, "I, I really can't tell." In response to questioning from the 911 dispatcher, complainant stated her name and her "boyfriend's name," Benjamin Chronister. Thus, the 911 tape shows complainant was still crying and upset from an event in which she had been injured, and she remained apprehensive to the extent she requested emergency personnel be dispatched to "the apartment." Complainant was too upset to determine whether she had been injured anywhere besides her right arm or whether she was bleeding. Under these circumstances, we conclude the trial court did not abuse its discretion in determining the 911 tape was admissible as an excited utterance. *See* TEX. R. EVID. 803(2); *Zuliani*, 97 S.W.3d at 595–96. We overrule appellant's first point of error.

In his second point of error, appellant argues the trial court erred in determining the 911 tape did not violate his right to confrontation under the Sixth amendment. In a related argument in his third point of error, appellant argues that, assuming an ongoing emergency ever existed, the trial court erred in determining the last thirty seconds of the 911 tape in which the 911 operator asked the caller for her boyfriend's name did not violate his right to confrontation.

Under *Crawford*, the admission of a hearsay statement made by a non-testifying declarant violates the Sixth Amendment if the statement was testimonial, and the defendant lacked a prior

opportunity for cross-examination. *Crawford*, 541 U.S. at 68; *Wall v. State*, 184 S.W.3d 730, 734 (Tex. Crim. App. 2006). Thus, a "testimonial" statement is inadmissible absent a showing that the declarant is presently unavailable and the defendant had a prior opportunity for cross-examination, even if the statement falls under a firmly rooted hearsay exception or bears particularized guarantees of trustworthiness. *Crawford*, 541 U.S. at 59-60, 68; *Wall*, 184 S.W.3d at 734-35. The Court stressed that if "testimonial" evidence is at issue, the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination. *Crawford*, 541 U.S. at 68; *Wall*, 184 S.W.3d at 735.

Though it did not explicitly define the term, the Court delineated the parameters of "testimonial," applying it "at a minimum to prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and to police interrogations." *Crawford*, 541 U.S. at 68. Crawford thus holds that a "core class of 'testimonial' statements" includes: (1) ex parte in-court testimony, (2) affidavits, (3) depositions, (4) confessions, (5) custodial examinations, and (6) statements made under circumstances that would lead an objective witness reasonably to believe that the statement would be available for use at a later trial. *Id.* at 51–52.

Although we defer to a trial court's determination of historical facts and credibility, we review a constitutional legal ruling, i.e. whether a statement is testimonial or non-testimonial, de novo. *Wall*, 184 S.W.3d at 742. This is particularly so because the legal ruling of whether a statement is testimonial under *Crawford* is determined by the standard of an objectively reasonable declarant standing in the shoes of the actual declarant. *Id.* at 742-43. On that question trial judges are no better equipped than are appellate judges, and the ruling itself does not depend upon demeanor, credibility, or other criteria peculiar to personal observation. *Id.* at 743. By contrast, appellate courts review a trial court's determination of whether evidence is admissible under the excited utterance exception to the hearsay rule only for an abuse of

discretion. *Id.* In part, the distinctive standards of review for hearsay objections and Confrontation Clause objections to the admission of excited utterances arise because the hearsay exception depends largely upon the subjective state of mind of the declarant at the time of the statement, whereas the issue of whether an out-of-court statement (excited or otherwise) is "testimonial" under *Crawford* depends upon the perceptions of an objectively reasonable declarant. *Id.*

The issue here is whether complainant's statements in the 911 call fall under the class of statements made under circumstances that would lead an objective witness reasonably to believe that the statement would be available for use at a later trial. *See Crawford*, 541 U.S. at 51–52. In *Davis v. Washington*, 547 U.S. 813 (2006), the Court held that a 911 tape of Davis's girlfriend reporting that Davis had assaulted her was not testimonial, and therefore its admission did not violate the confrontation clause. *Id.* at 828. The Court concluded that the circumstances of the girlfriend's interrogation objectively indicated that its primary purpose was to enable police assistance to meet an ongoing emergency. *Id.* In so doing, the Court clarified the definition of "testimonial" for Confrontation Clause purposes:

> Without attempting to produce an exhaustive classification of all conceivable statements—or even all conceivable statements in response to police interrogation—as either testimonial or nontestimonial, it suffices to decide the present cases to hold as follows: Statements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency. They are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution.

*Id.* at 822. The Court reasoned the statements at issue were not "a weaker substitute for live testimony" at trial, and Davis's girlfriend was not acting as a witness during the 911 call. *Id.* at 828. As the Court pointed out, "[n]o 'witness' goes into court to proclaim an emergency and seek help." *Id.*

We consider the following principles to determine whether the statements made in a 911 call were testimonial: (1) testimonial statements are official and formal in nature; (2) interaction with the police initiated by a witness or the victim is less likely to result in testimonial statements than if initiated by the police; (3) spontaneous statements to the police are not testimonial; and (4) responses to preliminary questions by police at the scene of a crime while police are assessing and securing the scene are not testimonial. *Neal v. State*, 186 S.W.3d 690, 692-93 (Tex. App.—Dallas 2006, )

Here, the complained-of statements were made to the 911 dispatcher after complainant made an emergency telephone call. Complainant asked to have emergency personnel dispatched to an apartment, indicating she felt an ongoing threat was present. At the time she made the statements, complainant was crying and unable to answer whether she had been injured anywhere besides her right arm or whether she was bleeding. Complainant sought immediate help from the police. Complainant's statements, including the name of her boyfriend, were made at the beginning of an investigation and were not made under circumstances that would lead an objective witness to reasonably believe the statements would be available for use at a later trial. *See id.* at 694. We note complainant provided her own name and appellant's name to the 911 dispatcher but did not make any specific accusations against appellant. Under these circumstances, we conclude complainant's statements made during the 911 call are non-testimonial, and the trial court therefore did not err in admitting the 911 tape on the ground it did not violate the Confrontation Clause. *See Davis*, 547 U.S. at 822; *Neal*, 186 S.W.3d at 692-93. We overrule appellant's second and third points of error.

We affirm the trial court's judgment.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

150038F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BENJAMIN LEE CHRONISTER, Appellant

No. 05-15-00038-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Criminal Court No. 11, Dallas County, Texas
Trial Court Cause No. MA1420697.
Opinion delivered by Justice Bridges.
Justices Lang-Miers and Schenck participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered June 20, 2016.