**Affirmed and Opinion Filed September 28, 2021**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-01133-CR

## ROBERT EARL HARRELL, JR., Appellant
## V.
## THE STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law No. 1**
**Grayson County, Texas**
**Trial Court Cause No. 2017-1-0644**

## MEMORANDUM OPINION ON REMAND

Before Justices Partida-Kipness, Pedersen, III, and Garcia[1]
Opinion by Justice Partida-Kipness

This cause is before the Court on remand from the Texas Court of Criminal

Appeals. The appeal arises from Appellant Robert Earl Harrell, Jr.'s conviction of

driving while intoxicated (DWI). In Harrell's first appeal to this Court, we held that

the evidence was insufficient to establish the corpus delicti of DWI, reversed the

trial court's judgment, and rendered a judgment of acquittal. *See Harrell v. State*,

No. 05-18-01133-CR, 2019 WL 3955774 (Tex. App.—Dallas Aug. 22, 2019), *rev'd*

*and remanded*, 620 S.W.3d 910 (Tex. Crim. App. 2021). The Texas Court of

---

[1] The Honorable Dennise Garcia succeeded the Honorable Bill Whitehill, a member of the original panel. Justice Garcia has reviewed the briefs and the record before the Court.

Criminal Appeals granted the State's petition for discretionary review, concluded the evidence was sufficient to establish the corpus delicti of DWI, reversed the judgment of this Court, and remanded the cause to this Court to address Harrell's remaining issue, which we had not addressed in our first opinion. *Harrell*, 620 S.W.3d at 912.

The issue before us on remand is whether the trial court violated Harrell's Sixth Amendment right to confrontation and cross-examination by admitting a 911 call into evidence. We invited the parties to submit additional briefing on this issue, but each declined the invitation and asked to proceed on their original appellate briefing. After reviewing the parties' briefs and the record, we conclude that no Sixth Amendment violation occurred. Accordingly, we overrule Harrell's remaining appellate issue and affirm the trial court's judgment.

## BACKGROUND

We adopt the court of criminal appeals's recitation of this case's factual background, *see Harrell*, 620 S.W.3d at 912–13, and provide only the facts necessary to decide this appeal.

On March 5, 2017, at 4:04 a.m., the Van Alstyne Police Department received a 911 call from a motorist travelling southbound on Highway 75. The 911 call was admitted into evidence and played for the jury. The caller, and another person in the

vehicle,[2] described a gray minivan they were following that was "driving very dangerously," "all over the road," "going into the median," and "almost hit us a couple of times." During the call, the caller and the other person in the vehicle provided the dispatcher a real-time description of what they were witnessing. They expressed shock at the erratic driving of the minivan's driver. For example, the caller told the dispatcher that the driver is "on the median line right now and then he's going off and he almost hit the side." The callers also described what they initially thought was the minivan driver pulling over, telling the dispatcher "Now he's stopping. Oh wow! He's pulling over." When the dispatcher asks "He's pulled over where?" the caller responded, "Well, no, never mind. He had his blinker on like he was going to pull over and he didn't. He's still going. . . ." The dispatcher instructed the caller to tell her if the driver took the next exit, which was Exit 51. The caller informed the dispatcher that the minivan was exiting. The dispatcher asked if the caller had a license plate number for the van and instructed the caller to tell her where the van turned after exiting. The callers reported the license plate number of the minivan, stated that they took the same exit as the minivan, and told the dispatcher the van "did an illegal turn" and pulled into a McDonald's parking lot. The caller then reported that they were driving by the McDonald's parking lot and saw the van sitting in the gas station part of the parking lot, not at a gas pump but pulled off to

---

[2] It is evident from the audio of the 911 call that there were two people in the vehicle that reported the van's reckless driving.

the side. The caller also told the dispatcher "I just want to make sure he doesn't hurt anybody. Cuz' he is really messed up. [inaudible] He's just sitting in the parking lot. I don't know what he's doing."

When the dispatcher asked for the caller's driver's license number, the caller asked the other person in the car for his number, which the caller then repeated to the dispatcher. The caller also provided the dispatcher with his or her name and call-back number. The callers did not identify Harrell as the driver and did not testify at trial.

Officer Brandon Blair responded to the 911 dispatch and arrived in the McDonald's parking lot at 4:11 a.m. The video from the officer's dash-cam was admitted into evidence and played for the jury. The video shows a gray minivan parked in a space near but not at the gas pumps. The location of the minivan in the video matches the 911 caller's description of where the callers saw the minivan parked. Officer Blair spoke with Harrell, who was sitting in the driver's seat with his seatbelt fastened. Officer Blair testified that when Harrell rolled down his window, he immediately smelled an odor of alcohol beverage emitting from the vehicle. He also noticed that Harrell's eyes appeared to be bloodshot, and that his speech was somewhat mumbled and slurred. Harrell told the officer that he and his friends had been at Choctaw Casino since 7:30 that evening, that he drank three or four beers while there, and that he lived in Arlington, Texas. Harrell also admitted that he had been driving. Officer Blair administered three standardized field sobriety

tests (SFSTs), all of which indicated that Harrell was intoxicated, and Harrell was arrested. Officer Blair obtained a search warrant and a sample of Harrell's blood. The blood-alcohol concentration was .095.

Harrell was charged and convicted of the misdemeanor offense of "Driving While Intoxicated 2nd." *See* TEX. PENAL CODE § 49.04(a). Harrell raised two appellate issues in his original appeal to this Court. First, he argued the evidence was legally insufficient to support the verdict. Second, Harrell argued admission of the 911 calls violated his Sixth Amendment right to confront and cross-examine the 911 callers. The only issue before us on remand is the second issue concerning admission of the 911 calls. *See Harrell*, 620 S.W.3d at 915.

## STANDARD OF REVIEW

The admission or exclusion of evidence is reviewed for abuse of discretion. *Beham v. State*, 559 S.W.3d 474, 478 (Tex. Crim. App. 2018); *Henley v. State*, 493 S.W.3d 77, 82–83 (Tex. Crim. App. 2016). "Under this standard, the trial court's decision to admit or exclude evidence will be upheld as long as it was within the 'zone of reasonable disagreement.'" *Beham*, 559 S.W.3d at 478 (quoting *McGee v. State*, 233 S.W.3d 315, 318 (Tex. Crim. App. 2007)).

## ANALYSIS

The Sixth Amendment to the United States Constitution guarantees the right of an accused in a criminal prosecution "to be confronted with the witnesses against him." U.S. CONST. amend. VI. This guarantee was made applicable to the states by

the Due Process Clause of the Fourteenth Amendment. *Pointer v. State*, 380 U.S. 400, 403 (1965); *see also* TEX. CONST. art. I, § 10. The U.S. Supreme Court has held that the Confrontation Clause prohibits admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had a prior opportunity for cross examination. *Crawford v. Washington*, 541 U.S. 36, 53–54 (2004). The threshold inquiry for any alleged confrontation violation involving the admission of a statement is, therefore, whether the admitted statement is testimonial or nontestimonial in nature. *Davis v. Washington*, 547 U.S. 813, 821–22 (2006); *Vinson v. State*, 252 S.W.3d 336, 338 (Tex. Crim. App. 2008).

Whether a statement is testimonial is a constitutional legal question that we review de novo. *Langham v. State*, 305 S.W.3d 568, 576 (Tex. Crim. App. 2010); *Wall v. State*, 184 S.W.3d 730, 742 (Tex. Crim. App. 2006); *Chronister v. State*, No. 05-15-00038-CR, 2016 WL 3517951, at *3 (Tex. App.—Dallas June 20, 2016, pet. ref'd) (mem. op., not designated for publication) (citing *Wall*). Statements are nontestimonial "when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency." *Vinson*, 252 S.W.3d at 338 (quoting *Davis*, 547 U.S. at 813–14). In contrast, statements are testimonial "when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution." *Id.* (quoting *Davis*,

547 U.S. at 813–14). In determining whether a statement was made during an ongoing emergency, we consider whether: (1) the situation was still in progress; (2) the questions sought to determine what was presently happening as opposed to what had happened in the past; (3) the primary purpose of the interrogation was to render aid rather than to memorialize a possible crime; (4) the questioning was conducted in a separate room, away from the alleged attacker; and (5) the events were deliberately recounted in a step-by-step fashion. *Id.* at 339.

Statements on 911 calls that relate to ongoing emergencies, and do not establish historical facts, are non-testimonial and do not implicate the Sixth Amendment. *Davis*, 547 U.S. at 827–28 (statements made by complainant to 911 dispatcher identifying Davis as her assailant were non-testimonial because their "primary purpose was to enable police assistance to meet an ongoing emergency"); *Gaeta v. State*, No. 05-14-01202-CR, 2016 WL 3870665, at *5 (Tex. App.—Dallas July 12, 2016, no pet.) (mem. op., not designated for publication) (statements made during 911 call related to an ongoing emergency and were non-testimonial); *Neal v. State*, 186 S.W.3d 690, 693–94 (Tex. App.—Dallas 2006, no pet.) (statements made during 911 call were non-testimonial and did not implicate confrontation rights because the complainant "made the 911 call during a crime in progress, and made the statements to the 911 operator in urgency and with the desire for a prompt response by the police"); *Kearney v. State*, 181 S.W.3d 438, 441–43 (Tex. App.—Waco 2005, pet. ref'd) (statements made in 911 call that was initiated to report a

robbery in progress and summon emergency police help was non-testimonial). The 911 call in this case is no exception.

Here, the trial court admitted the 911 call under the excited utterance exception to the hearsay rule and determined the call was non-testimonial and, therefore, not violative of the Confrontation Clause. On appeal, Harrell challenges only the trial court's rulings that the call was non-testimonial and its admission did not violate the Confrontation Clause. We find no abuse of discretion with these rulings.

The recording of the 911 call reflects that the callers provided the dispatcher with a real-time, play-by-play of the situation. The situation remained ongoing for the duration of the call; Harrell was driving erratically on the interstate during the call, had parked the minivan in a parking lot just off the interstate access road, and had not emerged from the vehicle when the callers drove past and ended the call. When Officer Blair arrived, he confirmed the minivan was parked in the area reported by the callers. The dispatcher's questions to the callers sought to determine what was presently happening at the location and to direct responding officers to the scene to render aid. The dispatcher did not ask about past events. The primary purpose of the questions was to determine the nature of the emergency and to determine a course of action to address it, which in this case was to dispatch law enforcement officers to the scene. The questioning was not conducted to memorialize a crime. The events were not recounted in a step-by-step fashion;

instead, the callers provided spontaneous, real-time descriptions of the situation. Under this record, we conclude the recording of the 911 call was not testimonial and did not implicate Harrell's right of confrontation. *See Neal*, 186 S.W.3d at 694. We overrule Harrell's remaining appellate issue.

## CONCLUSION

We conclude the trial court's admission of the 911 call did not implicate Harrell's Sixth Amendment right of confrontation. Accordingly, we affirm the trial court's judgment.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

181133F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ROBERT EARL HARRELL, JR.,
Appellant

No. 05-18-01133-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 1, Grayson County, Texas Trial Court Cause No. 2017-1-0644. Opinion delivered by Justice Partida-Kipness. Justices Pedersen, III and Garcia participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 28th day of September 2021.